## TALUCCI *v.* ARCHAMBAULT

1. PLEADING—CONTRACTS—THIRD-PARTY BENEFICIARY—SUFFICIENCY.

    Allegations that plaintiff's employer had contracted with defendants for the removal of snow from the employer's premises, that the employer's primary purpose in so contracting was to provide a safe and convenient means of ingress and egress to its building for its employees that plaintiff-employee was an intended third-party beneficiary, and that defendants' failure to perform their contractual obligations resulted in plaintiff being injured when he slipped and fell on an accumulation of ice and snow covering a passageway to his employer's building, were sufficient to state a cause of action against defendants and the trial court erred in resolving the factual issue of the employer-promisee's intent against plaintiff without knowing what evidentiary facts the plaintiff had available to support his complaint.

2. CONTRACTS—THIRD-PARTY BENEFICIARY—EMPLOYEES—EMPLOYER'S INTENTION TO BENEFIT—RECOVERY EX CONTRACTU.

    If an employer intends by its contracts with others to benefit its employees, a plaintiff, who is a member of that employee-class, is entitled to recover *ex contractu.*

3. CONTRACTS—THIRD-PARTY BENEFICIARY—DIRECT, NECESSARY BENEFIT.

    A third person who is necessarily and directly benefited by the terms of a contract is a third-party beneficiary of that

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 17 Am Jur 2d, Contracts § 302 *et seq.*
Landlord's liability for injury or death due to ice or snow in areas or passageways used in common by tenants.  26 ALR2d 610.
[7] 38 Am Jur, Negligence § 2.
[8] 38 Am Jur, Negligence § 258 *et seq.*
[9–11] 38 Am Jur, Negligence § 29 *et seq.*

agreement and it is immaterial that the protection afforded to that third person by that contract was not an end in itself but was for the sole purpose of securing to the contractual promisee some consequent benefit or immunity.

4. CONTRACTS—THIRD-PARTY BENEFICIARY—CONTRACTUAL INTENTION GOVERNS.

The intention of the contracting parties determines whether a third person is a third-party contractual beneficiary for it is the parties' intention, as disclosed by their contract terms, which governs, not the parties' motive, purpose, or desire in entering that contract.

5. CONTRACTS—INTENTION—PRESUMPTION—CONSEQUENCES INTENDED.

The intention of contracting parties differs from their motive, desire, or purpose and, in determining whether a third person is a third-party contractual beneficiary, it is the intention which governs for the parties are presumed to intend the consequences of contractual performance and that which is contemplated by contractual terms is intended by the parties.

6. CONTRACTS—THIRD-PARTY BENEFICIARY—PROMISEE'S INTENT IM-MATERIAL.

That plaintiff's employer desired by its snow-removal contracts with defendants to protect itself from possible negligence actions by persons injured because of snow and ice accumulations on its premises did not dispose of the question of whether plaintiff-employee was a third-party beneficiary of those contracts for the employer-promisee's actual intent in so contracting was immaterial and, upon remand, the trial court should determine whether defendants, as promisors, had undertaken to discharge any duty owed by plaintiff's employer to its employees.

7. TORTS—MISFEASANCE, NONFEASANCE—TENUOUS DISTINCTION—RE-FUSAL TO DISCUSS.

The distinction between misfeasance and nonfeasance is so tenuous that the Court of Appeals will refuse an invitation to discuss it.

8. NEGLIGENCE—PLEADING—SUFFICIENCY—TORTS.

Allegations that defendants assumed a duty to keep the premises of plaintiff's employer free from ice and snow, that de-

fendants knew or should have known that their failure to do so would result in the existence of a hazardous condition, that defendants failed to perform their assumed duty, and that plaintiff was injured when he slipped and fell because of a hazardous slippery condition existing upon his employer's premises, were sufficient to show the existence of a duty owed to plaintiff-employee by defendants.

9. NEGLIGENCE—ASSUMPTION OF DUTY—FAILURE TO ACT—DUE CARE —LIABILITY.

One who assumes to act becomes liable if he fails to act with due care.

10. NEGLIGENCE—CONTRACTS—COMMON-LAW DUTY—ORDINARY CARE.

There is a common-law duty, which accompanies every contract, to perform with ordinary care the thing agreed to be done.

11. NEGLIGENCE — CONTRACTS — NEGLIGENT PERFORMANCE — FORE-SEEABLE INJURY — DUTY OF CARE.

Those foreseeably injured by the negligent performance of a contractual undertaking are owed a duty of care.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 October 14, 1969, at Detroit. (Docket No. 5,360.) Decided November 25, 1969.

Complaint by Dante Talucci against Mary Archambault and Robert Olsen, doing business as Huntington Lawn Service, and City Window Cleaning and Painting Company, a Michigan corporation, for damages resulting from a fall on a sidewalk. Judgment for defendants. Plaintiff appeals. Reversed and remanded with instructions.

*Charfoos & Charfoos,* for plaintiff.

*George B. Hubbard,* for defendant City Window Cleaning and Painting Company.

*David C. Hertler,* for defendant Huntington Lawn Service.

Before: Lesinski, C. J., and J. H. Gillis and Danhof, JJ.

J. H. Gillis, J. This is plaintiff's appeal from an order of summary judgment entered on the pleadings in circuit court in defendants' favor. Defendants' motions for summary judgment, filed pursuant to GCR 1963, 117.2(1), were based on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted. Since the only issue for our determination is the sufficiency of plaintiff's complaint to state a claim, we accept as true every well-pleaded allegation in plaintiff's complaint. *Bielski* v. *Wolverine Insurance Co.* (1967), 379 Mich 280. So considered, we find the following to be facts pleaded by the plaintiff:

Plaintiff was an employee of the Maccabees Mutual Life Insurance Company. On October 19, 1964, defendant City Window Cleaning and Painting Company contracted with plaintiff's employer to remove snow from, and to salt, the sidewalks and passageways leading to the insurance company's building. On November 11, 1964, defendant Huntington Lawn Service contracted with Maccabees Mutual to remove snow from the area surrounding the company's building. Both contracts were in effect on December 4, 1964. On that date, plaintiff, while attempting to enter his employer's office building, was injured when he slipped and fell on an accumulation of ice and snow that covered the passageways leading to the building. This suit followed.

Plaintiff proceeds against both defendants upon two distinct theories. Count I of plaintiff's complaint invokes the provisions of the third-party beneficiary statute (MCLA 600.1405 [Stat Ann 1962 Rev § 27A.1405]). It alleges:

"That the contract between the defendants and the Maccabees Mutual Life Insurance Company was contracted for by the Maccabees Mutual Life Insurance Company for the benefit of its employees, including the plaintiff, Dante Talucci. That this contract's primary purpose was to provide safe and convenient means of ingress and egress from the Maccabees Mutual Life Insurance Company's building for the employees of the Maccabees Mutual Life Insurance Company. That the plaintiff, Dante Talucci, was a third-party beneficiary to this contract."

Defendants' failure on December 4, 1964 to perform their contractual obligations and resulting injuries to plaintiff are also alleged.

Count II of plaintiff's complaint reflects a legal theory grounded in tort. It alleges:

"That on or about December 4, 1964, the plaintiff, Dante Talucci, who was invited and lawfully on the premises of the Maccabees Mutual Life Insurance Company was caused to slip and fall by a hazardous slippery condition which existed on the premises of the Maccabees Mutual Life Insurance Company. That his fall was due to the negligence of the defendant[s]; such negligence consisted of but was not limited to the following:

"A. That the defendants failed to clear the ice and snow from in and around the Maccabees Mutual Life Insurance Company premises when they knew or should have known that by failing to do so a hazardous condition would exist.

"B. That the defendants assumed a duty to keep the Maccabees Mutual Life Insurance Company premises free from an icy, hazardous condition and then failed to act upon this duty."

Defendants' motions to dismiss claimed that plaintiff's declaration failed to state a claim for the reason that "there being no privity of contract", no

"duty owed by defendants to plaintiff." Also, it was asserted that the count in tort was insufficient, since "plaintiff's tort action cannot be founded on nonfeasance in the performance of a contract."

We are of the opinion that both counts of plaintiffs complaint sufficiently stated a claim. We treat each count separately.

### Plaintiff As a Third-Party Beneficiary

The trial court concluded that Count I of plaintiff's complaint was insufficient because:

"[i]t does not constitute by the contract the plaintiff in this case as an intended beneficiary, third-party beneficiary. It, on the contrary, at most would be a protective device for the contracting party, not to benefit somebody but to protect the contracting party or to please the contracting party as it may be, either please him because the sidewalks were cleaned or protect him because he might be sued sometime."

The trial court's determination that under the contracts plaintiff, as an incidental beneficiary, possessed no rights was premature. Plaintiff had alleged the contrary. Namely, that in contracting with defendants, the Maccabees Mutual Life Insurance Company intended to benefit its employees. Without knowing what evidentiary facts plaintiff had, or has, available to support this allegation, the trial judge resolved an important factual issue, the intent of the promisee,[1] against plaintiff. This was error.

In *Chatham Super Market, Inc.,* v. *Ajax Asphalt Paving, Inc.* (1963), 370 Mich 334, the Court, as in this case, was invited to interpret and apply the third-

---

[1] "If any particular intent is required at all, the only intent that is necessary is an intent on the part of the promisee that the performance beneficial to the third party shall be rendered by the promisor." 4 Corbin, Contracts, § 777, p 25.

party beneficiary statute. Plaintiff had alleged that it was a third-party-creditor-beneficiary. Defendant moved to dismiss on the ground that the declaration failed to state a claim. Defendant urged "That there is no privity of contract between the plaintiff and the defendant." The Court held plaintiff's declaration sufficient as against defendant's motion to dismiss. It was noted at 339, 340:

"In the present posture of the case we abstain from determination of the question whether plaintiff may employ the cited statute. That question should be presented after due pleading, and then either upon trial or by motion for summary judgment. Plaintiff's declaration may indeed be subject to test for certainty and definiteness under GCR 1963, 115 (see former Court Rule [1945] No 17, §§ 7 and 9), but that question has not as yet come before the trial court. Just so long as pleaders are told *not* to state matters of evidence (see former Court Rule [1945] No 17, § 2, and GCR 1963, 111.9), the motion to dismiss assigning no cause alleged should be discouraged in favor of pleading and trial or, at least, pleading and motion for summary judgment. In the latter instance the showing is required by the rule to be in full detail and always at risk of having the affiant or affiants called for searching cross-examination. And it is better for the sake of dependable precedent that the facts be established with clarity before an appellate court undertakes to decide whether the plaintiff in like instance of factual uncertainty is or is not on sound legal ground."

If, as alleged, plaintiff's employer intended by the contracts to benefit its employees, plaintiff, as a member of that class, is entitled to recover *ex contractu*. *Chatham Super Market, Inc.* v. *Ajax Asphalt Paving, Inc., supra.* Morever,

"So long as the contract necessarily and directly benefits the third person, it is immaterial that this protection was afforded him, not as an end in itself, but for the sole purpose of securing to the promisee some consequent benefit or immunity. In short, the motive, purpose, or desire of the parties is a quite different thing from their intention. The former is immaterial; the intention as disclosed by the terms of the contract, governs. It is to be borne in mind that the parties are presumed to intend the consequences of a performance of the contract. That which is contemplated by the terms of the contract is 'intended' by the parties." Annotation, "Right of Third Persons to Enforce Contract Between Others for His Benefit," 81 ALR 1271, 1287.

That plaintiff's employer desired by the contracts to protect itself from suit is not dispositive. The promisee's actual intent is immaterial. *Guardian Depositors Corp.* v. *Brown* (1939), 290 Mich 433. Upon remand, the trial court should determine whether defendants, as promisors, have undertaken to discharge any duty owed by plaintiff's employer to its employees.[2]

### The Count in Tort

Defendants in their brief contend that "no allegation of negligence is made, only the failure to perform and act, which in and of itself cannot be assumed to be negligence." We are urged to discuss the tenuous distinction between misfeasance and nonfeasance. See *Hart* v. *Ludwig* (1956), 347 Mich 559. We refuse the invitation. In *Torma* v. *Montgomery Ward & Company* (1953), 336 Mich 468, it was alleged that defendant "failed to remove ac-

---

[2] An employer's obligation to furnish his employees with a reasonably safe place to work, *Judis* .v. *Borg-Warner Corporation* (1954), 339 Mich 313, provides an example.

cumulations of ice and snow from the entrance to the store, knowing that the accumulations were present and were dangerous to persons entering and leaving." The allegation was held sufficient. We conclude that plaintiff's complaint sufficiently alleges negligence.

We are also satisfied that Count II, when read in the light most favorable to plaintiff, sufficiently alleges the existence of a duty owed to plaintiff by defendants. It is apparent that plaintiff bases his claim upon "the recognized principle that one who assumes to act  *  *  *  becomes liable if he fails to act with due care." *Ray* v. *Transamerica Insurance Company* (1968), 10 Mich App 55, 58. The duty allegedly owing is that which accompanies every contract, a common-law duty to perform with ordinary care the thing agreed to be done. *Clark* v. *Dalman* (1967), 379 Mich 251. Those foreseeably injured by the negligent performance of a contractual undertaking are owed, as in this case, a duty of care.

Reversed and remanded for entry of order denying defendants' motions for summary judgment. Costs to plaintiff.

All concurred.