## GYURKOVICS v MITCHEL

1. Dismissal and Nonsuit—Failure to Serve Defendant—Order of Dismissal—Entry of Order—Court Clerk—Accelerated Judgment—Court Rules.

A court rule pertaining to the dismissal of an action, without prejudice, as to any defendant who has not been served within 180 days from the date of the filing of the complaint is not self-executing; therefore, where a defendant was not served within the 180-day period, but the clerk of the court failed to enter an order of dismissal of the complaint after the lapse of 180 days, an accelerated judgment in favor of the defendant on the basis of a dismissal of the complaint was improper (GCR 1963, 102.5).

2. Judgment—Relief from Final Judgment—Motions—Appeal and Error—Failure to Appeal.

It ordinarily is not permissible to use a motion for relief from a final judgment as a remedy for a party's failure to take an appeal.

Appeal from Wayne, Charles S. Farmer, J. Submitted June 17, 1976, at Detroit. (Docket No. 26977.) Decided August 5, 1976.

Complaint by Louise J. Gyurkovics and Andray Gyurkovics against Dianne Mitchel and David G. Clement for injuries received by Louise Gyurkovics in an automobile accident. Accelerated judgment for defendant Mitchel. Plaintiffs appeal. Affirmed.

*Butler, Martin & Ellenstein, P. C.,* for plaintiffs.

*Harvey, Kruse & Westen, P. C.* (by *John F.*

References for Points in Headnotes

[1] 62 Am Jur 2d, Process § 160.
[2] 4 Am Jur 2d, Appeal and Error § 292 *et seq.*

*Milan* and *Paul Hynes),* for defendant Dianne Mitchel.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

PER CURIAM. Plaintiffs appeal from an order denying their "motion for rehearing of motion for accelerated judgment and motion to set aside order of accelerated judgment".

Plaintiffs, husband and wife, instituted an action against defendants on February 23, 1973, for injuries Mrs. Gyurkovics received in an automobile accident of March 7, 1970. Defendant Dianne Mitchel was not served with process within 180 days from the filing of the complaint against her. The clerk of the court did not enter an order of dismissal as GCR 1963, 102.5(1) directs. On June 24, 1974, over 16 months from the commencement of the action against her, defendant Dianne Mitchel moved for accelerated judgment, claiming the action was barred by the statute of limitations, MCLA 600.5805(7); MSA 27A.5805(7). On August 9, 1974, the court, thinking that GCR 1963, 102.5 was self-executing and that the complaint was dismissed after 180 days even though the clerk had not entered an order of dismissal, granted defendant accelerated judgment under GCR 1963, 116.1(5). Plaintiffs did not appeal the order granting accelerated judgment.

On December 23, 1974, the Supreme Court issued its order in *Goniwicha v Harkai,* 393 Mich 255; 224 NW2d 284 (1974). The Court stated that GCR 1963, 102.5 was not self-executing and that, until the clerk of the court enters an order of dismissal after the lapse of 180 days, the com-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaint is not dismissed. Under this subsequent interpretation of GCR 1963, 102.5, the trial court's grant of defendant's motion for accelerated judgment was improper.

On the basis of this error, plaintiffs moved for a rehearing on July 31, 1975. An order denying the motion was entered on November 14, 1975, and plaintiffs appeal that order.

What plaintiffs seek is relief from a final judgment or order, governed by GCR 1963, 528. That rule allows a court to relieve a party from a final judgment or order in several instances. Unfortunately, plaintiffs have not directed our attention to any particular portion of the rule that might be applicable here. Our review of the rule, assisted by cases and commentaries dealing with its source, FR Civ P 60, leads us to conclude that the court below did not abuse its discretion in denying plaintiffs' motion.

GCR 1963, 528.3, as does its source, gives "mistake, inadvertance, surprise, or excusable neglect" as one reason for which a court may give a party relief from a final judgment or order. This phrase is sometimes read as including judicial error. But when, as here, the motion for relief alleging a misconception of law is not made until after the time for appeal has run, Federal courts consistently deny relief, *e.g., Hoffman v Celebrezze,* 405 F2d 833 (CA 8, 1969), *Swam v United States,* 327 F2d 431 (CA 7, 1964), *cert den,* 379 US 852; 85 S Ct 98; 13 L Ed 2d 55 (1964). In *Schildhaus v Moe,* 335 F2d 529, 531 (CA 2, 1964), Judge Friendly wrote:

"But nothing in the Rule, the cases, or the treatises suggests that a motion for relief from judicial error more than eight months after the entry of judgment is made 'within a reasonable time' as the Rule requires.

'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.' *Hartman v Lauchli,* 304 F2d 431, 432 (8 Cir 1962); *Wagner v United States,* 316 F2d 871 (2 Cir 1963). Professor Moore says that a reasonable time for making a motion under Rule 60(b) on the basis of judicial error should not exceed that allowed for an appeal. * * * [7 Moore, Federal Practice, § 60.23, p 239.] *Cf. Sleek v J C Penney Co,* 292 F2d 256 (3 Cir 1961)."

A case in which a Federal court granted relief under FR Civ P 60(b)(1) for an error of law when the motion was made after the time for appeal had run, *Myers v Westland Oil Co,* 96 F Supp 667 (D ND, 1949), "may be regarded as a fluke". 11 Wright & Miller, Federal Practice and Procedure, § 2858, p 178.

GCR 1963, 528.3 also permits a court to relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment". Professors Wright and Miller offer the following comment on the discretionary power granted by the identical provision in the Federal rule:

"The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal." 11 Wright & Miller, Federal Practice and Procedure, § 2864, pp 214–215.

Finding no reason to consider the court's denial of plaintiffs' motion an abuse of its discretion, we affirm that denial.

Affirmed. Costs to defendant Dianne Mitchel.