JACHIM v COUSSENS

Docket No. 78-971. Submitted January 17, 1979, at Detroit.—Decided February 20, 1979.

Joseph J. Coussens and his former whife Nancy Coussens (now Jachim) rolled their car over following a tire blow-out. Nancy sustained extensive injuries. An out-of-court settlement was reached between Nancy and Firestone Tire and Rubber Company. As part of the settlement, Nancy agreed not to bring suit against Joseph Coussens unless four conditions were met. These conditions were not fulfilled and Nancy brought an action against Joseph alleging negligence. Defendant moved for accelerated judgment asserting an affirmative defense of release and settlement. He argued that he was a third-party beneficiary of the release and settlement agreement entered into between plaintiff and Firestone. Accelerated judgment for defendant, Macomb Circuit Court, Walter P. Cynar, J. Plaintiff's petition

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 458.

What constitutes final judgment within provision or rule limitation application for new trial to specified period thereafter. 34 ALR2d 1181.

Reviving, renewing or extending judgment by order entered after expiration of statutory limitation period on motion made or proceeding commenced within such period. 52 ALR2d 672.

[2] 17 Am Jur 2d, Contracts §§ 297, 302 et seq.

Right of third person not named in bond or other contract conditioned for support of, or services to, another, to recover thereon. 11 ALR2d 1010.

[3] 17 Am Jur 2d, Contracts §§ 304, 309, 315.

Right of third person not named in bond or other contract conditioned for support of, or services to, another, to recover thereon. 11 ALR3d 1010.

[4] 17 Am Jur 2d, Contracts §§ 114-118, 297, 307.

[5] 17 Am Jur 2d, Contracts §§ 297, 302, 304, 307.

Right of third person not named in bond or other contract conditioned for support of, or services to, another, to recover thereon. 11 ALR2d 1010.

[6] 17 Am Jur 2d, Contracts §§ 244, 305, 315.

[7] 17 Am Jur 2d, Contracts §§ 304, 315.

for relief from the judgment was denied. Plaintiff appeals.
*Held:*

Defendant was a third-party beneficiary of the release and settlement agreement. A promise shall be considered to be for the benefit of a third party where the promisor has undertaken to give or to do or refrain from doing something directly to or for said third party; therefore, where a plaintiff promisor had undertaken to refrain from instituting an action against a party, the promise is to be construed to be for that party's benefit and he has the right to enforce it. A party's motive, purpose, or desire in entering a contract does not govern and even though Firestone's sole purpose may have been to protect itself, the contract directly benefited the present defendant making him a third-party beneficiary of the release and settlement agreement. The trial court's refusal to withdraw its grant of accelerated judgment was not an abuse of discretion.

Affirmed.

1. JUDGMENT — RELIEF FROM JUDGMENT — MOTIONS — FINALITY OF JUDGMENT — APPEAL AND ERROR — COURT RULES.

A motion for relief from a judgment does not affect the finality of the judgment or the running of the period allowed for appeal (GCR 1963, 528.3).

2. CONTRACTS — THIRD-PARTY BENEFICIARIES — ENFORCEMENT OF PROMISES — STATUTES.

A person for whose benefit a promise is made by way of contract becomes a third-party beneficiary of the contract and has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee (MCL 600.1405; MSA 27A.1405).

3. CONTRACTS — THIRD-PARTY BENEFICIARIES — PROMISES — DEFINITIONS — STATUTES.

A promise shall be considered to be for the benefit of a third party where the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person (MCL 600.1405[1]; MSA 27A.1405[1]).

4. CONTRACTS — THIRD-PARTY BENEFICIARIES — ENFORCEMENT OF PROMISES.

A promise to refrain from instituting an action against a party unless certain conditions have occurred is to be construed to be for that party's benefit and he has the right to enforce it.

5. Contracts — Third-Party Beneficiaries — Contractual Promises — Benefits and Immunities.

A third person who is necessarily and directly benefited by the terms of a contract is a third-party beneficiary of the agreement and it is immaterial that the protection afforded to that third person by that contract was not an end in itself but was for the sole purpose of securing to the contractual promisee some consequent benefit or immunity.

6. Contracts — Third-Party Beneficiaries — Contractual Intentions.

The intention of the contracting parties determines whether a third person is a third-party contractual beneficiary, for it is the parties' intention, as disclosed by their contract terms, which governs, not the parties' motive, purpose, or desire in entering the contract.

7. Contracts — Third-Party Beneficiaries — Contractual Intentions Govern — Presumptions — Consequences Intended.

The intention of contracting parties differs from their motive, desire, or purpose and, in determining whether a third person is a third-party contractual beneficiary, it is the intention which governs; the parties are presumed to intend the consequences of contractual performance and that which is contemplated by contractual terms is intended by the parties.

*James D. Wines,* for plaintiff.

*Sullivan, Ranger, Ward & Bone,* for defendant.

Before: D. C. Riley, P.J., and J. H. Gillis and MacKenzie, JJ.

J. H. Gillis, J. Plaintiff appeals from an order of the Macomb County Circuit Court denying plaintiff's motion for relief from judgment and reaffirming accelerated judgment in favor of defendant. The chronology of events leading to this appeal is as follows.

On August 4, 1972, defendant and plaintiff, then husband and wife, were returning from a vacation in northern Michigan when a tire blew out on the

freeway and their car rolled over. Plaintiff sustained extensive injuries.

Negotiations were entered into between plaintiff and Firestone Tire and Rubber Company. A settlement was reached on March 28, 1973, without the necessity of filing a suit. As part of the settlement, plaintiff agreed not to bring suit against defendant Joseph Coussens unless four conditions were met. It is conceded that these conditions have not been fulfilled.

Plaintiff brought this action on July 31, 1975, alleging defendant was negligent.

On July 15, 1976, Firestone filed a complaint against plaintiff herein seeking specific performance of the release and settlement agreement or alternate forms of equitable relief. This case is not before us and has been held in abeyance pending this appeal.

Defendant was allowed to amend his pleadings to assert an affirmative defense of release and settlement. Defendant thereafter moved for accelerated judgment, purusant to GCR 1963, 116.1(5), arguing that he was a third-party beneficiary of the release and settlement agreement entered into between plaintiff and Firestone. The trial court granted this motion and an order was entered on December 27, 1977.

On January 9, 1978, plaintiff sought relief from that order pursuant to GCR 1963, 528.3(6).[1] The trial court denied such relief on February 21, 1978. Plaintiff then commenced this appeal on March 3, 1978.

Plaintiff claims that the trial court improperly

---

[1] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment." GCR 1963, 528.3(6).

granted defendant's motion for accelerated judgment. However, as defendant correctly contends, the focus of our review is limited to whether the trial court erred in denying plaintiff's motion for relief from judgment.

The order of accelerated judgment was entered on December 27, 1977. Plaintiff's appeal was taken on March 3, 1978, far beyond the 20-day limit for an appeal by right. Moreover, a motion for relief from judgment does not extend the time for appeal. GCR 1963, 528.3 reads, in pertinent part:

"A motion under sub-rule 528.3 does not affect the finality of a judgment or suspend its operation."

The committee notes to this rule also make it quite clear that the time limits for appeal from the judgment must be observed:

"A motion for relief from a judgment is unlike a motion for new trial in that it does not affect the finality of a judgment and the running of the period allowed for appeal." 3 Honigman & Hawkins, Michigan Court Rules Annotated, p 173.

Plaintiff's appeal, while not timely as to the accelerated judgment, was taken within 20 days from the trial court's denial of plaintiff's motion for relief from judgment. Thus, the issue before us is whether the trial court abused its discretion in denying this motion. *Gyurkovics v Mitchel,* 70 Mich App 602; 246 NW2d 309 (1976). However, because of the apparent confusion in the court below and the wording of the trial court's order,[2]

---

[2] At the hearing for her motion for relief plaintff appeared primarily concerned about preserving her right to appeal. Moreover, the final paragraphs of the trial court's order denying relief read as follows:

"It is further ordered that the defendant's order for accelerated

we will address the merits of plaintiff's claim concerning the accelerated judgment.

The trial court found that defendant was a third-party beneficiary of the release and settlement agreement. Michigan's third-party beneficiary statute provides, in part:

"Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." MCL 600.1405; MSA 27A.1405.

In addition, the statute goes on to define when a promise shall be considered to be for the benefit of a third party:

"A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person." MCL 600.1405(1); MSA 27A.1405(1).

The third paragraph of the agreement between plaintiff and Firestone provides that Nancy Coussens

"[W]ill make no claim nor commence any legal action against Joseph J. Coussens, or his personal representative, for injuries or other damage sustained by reason of the accident or occurrence described in paragraph 1 unless all of the following events shall have occurred."

The language is unequivocal. Plaintiff has un-

---

judgment for no cause for action may be and the same is hereby granted as it was on December 27, 1977.

"It is further ordered that the plaintiff's appeal period, pursuant to MGCR 803.1 shall commence upon filing and entry of this order."

dertaken to refrain from instituting an action against defendant unless certain conditions have occurred. Hence, pursuant to the above-quoted provision, the promise is to be construed to be for defendant's benefit and he has the right to enforce it.

Plaintiff argues that the parties to the agreement did not intend to benefit defendant. Instead, it is contended that the purpose of the contract was to protect Firestone from being subject to additional liability. Such a motive does not preclude defendant from having an enforceable right under the contract.

" 'So long as the contract necessarily and directly benefits the third person, it is immaterial that this protection was afforded him not as an end in itself, but for the sole purpose of securing to the promisee some consequent benefit or immunity. In short, the motive, purpose, or desire of the parties is a quite different thing from their intention. The former is immaterial; the intention as disclosed by the terms of the contract, governs. It is to be borne in mind that the parties are presumed to intend the consequences of a performance of the contract. That which is contemplated by the terms of the contract is "intended" by the parties.' Annotation, 'Right of Third Persons to Enforce Contract Between Others for His Benefit.' 81 ALR 1271, 1287." *Talucci v Archambault,* 20 Mich App 153, 160; 173 NW2d 740 (1969).

See also *Guardian Depositors Corp v Brown,* 290 Mich 433, 437-438; 287 NW 798 (1939).

We believe the above quote from *Talucci* is directly on point. Even though Firestone's sole purpose may have been to protect itself, the contract directly benefited defendant. Hence, the trial court correctly determined that defendant was a

third-party beneficiary of the release and settlement agreement.

Plaintiff argues, nonetheless, that any rights defendant had to enforce the contract were divested under MCL 600.1405(2)(c); MSA 27A.1405(2)(c) when plaintiff confessed partial judgment in the suit filed by Firestone against plaintiff.

This subsection has no application to the case at bar. It provides:

"If the promisee is indebted or otherwise obligated to the person for whose benefit the promise was made and the promise in question is intended when performed to discharge that debt or obligation, then the promisor and the promisee may, by mutual agreement, divest said person of his rights, if this is done without intent to hinder, delay or defraud said person in the collection or enforcement of the said debt or other obligation which the promisee owes him and before he has taken any legal steps to enforce said promise made for his benefit." MCL 600.1405(2)(c); MSA 27A.1405(2)(c).

Whether or not the confession of judgment constituted a "mutual agreement" we need not decide for, by its terms, the subsection applies only where the third party is a creditor beneficiary and performance of the promise will discharge the debt owed to the third party. By refraining from suing defendant plaintiff discharged no debt owed by Firestone to defendant. Hence, this subsection is irrelevant to the instant case.

We conclude that the trial court committed no error in awarding accelerated judgment to defendant. Hence, it is even more certain that the court did not abuse its discretion in denying relief therefrom under GCR 1963, 528.3(6). Plaintiff's motion for relief claimed that it was necessary for the

trial court to either decide Firestone's complaint for equitable relief, or consolidate the two actions, before a meaningful appeal could be taken. However, it appears that the decisive issue, the effect of plaintiff's partial confession of judgment, could be decided equally well in either action. Thus, the trial court's refusal to withdraw its grant of accelerated judgment or to consolidate the actions was not so violative of fact and law as to be an abuse of discretion.

Affirmed. Costs to appellee.