LOCAL 80 SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION, AFL-CIO v TISHMAN CONSTRUCTION
CORPORATION

Docket No. 44182. Submitted April 7, 1980, at Detroit.—Decided
February 18, 1981.

Tishman Construction Corporation, as general contractor, construction manager and owner's agent for the construction of the Detroit Renaissance Center, engaged the Limbach Company as the mechanical subcontractor for the Renaissance Center project. The contract between Tishman and Limbach provided that Tishman would furnish to Limbach, at no charge, enclosures and heating where work was scheduled in or exposed to sub-freezing weather. Limbach hired 102 sheet metal workers, members of Local 80 Sheet Metal Workers International Association, AFL-CIO, to do fabrication and installation of mechanical and air handling systems on the project. Tishman failed to supply the necessary heat and enclosures to permit continuation of the work during the coldest portions of the winter of 1975-1976, and Limbach, accordingly, laid off the sheet metal workers. Local 80 brought an action on behalf of the discharged employees in Wayne Circuit Court against Tishman and Limbach, alleging that the employees were third-party beneficiaries of the Tishman-Limbach contract and that the employees had been wrongfully discharged. The complaint sought as damages full pay for each of the employees for each day which the employees were without work. By an amended complaint, Anthony Ferenza and Harold Ingalls were added as party plaintiffs and as representatives of the discharged employees. Limbach moved for summary judgment, which was granted. No appeal was taken from that order of summary judgment. Tishman moved for summary judgment on the bases that plaintiffs had failed to state a claim upon which relief could be granted and that, except for damages, there was no question of

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading §§ 120-124.
73 Am Jur 2d, Summary Judgments §§ 16, 29.
[2, 3] 17 Am Jur 2d, Contracts §§ 302, 304-307.

fact to be resolved. John O'Hair, J., granted Tishman's motion for summary judgment. Plaintiffs appeal. *Held:*

1. A motion for summary judgment on the basis of the failure to state a claim upon which relief can be granted tests the legal, rather than the factual, sufficiency of the complaint. Such a motion for summary judgment should be granted only where the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery.

2. The question of whether a contract creates enforceable rights in third parties is answered by reference to the terms of the contract itself. Since Limbach had the right to discharge its employees without cause, the contract between Limbach and Tishman requiring Tishman to supply heat and enclosures created no right in the employees of Limbach to seek lost wages by reason of the lack of continuing employment because of the absence of heat and the lack of protection from the elements. Because of the existence of Limbach's right to discharge its employees without cause, it cannot be said that Tishman undertook to discharge a duty owed by Limbach to its employees such as would give rise to enforceable third-party rights in Limbach's employees to seek lost wages by reason of the failure of Tishman to supply the heat and enclosures specified in the Limbach-Tishman contract. Summary judgment was properly granted.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — PLEADINGS — COURT RULES.

A motion for summary judgment on the basis of a failure to state a claim upon which relief can be granted tests the legal, rather than the factual, basis of the complaint; unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, a motion for summary judgment on such basis should be denied (GCR 1963, 117.2[1]).

2. CONTRACTS — THIRD-PARTY BENEFICIARY CONTRACTS — INTERPRETATION OF CONTRACTS.

The question of whether a contract provides benefits to third parties such that those third parties may seek enforcement as third-party beneficiaries is answered by reference to the terms of the contract itself; the motives and subjective intent of the contracting parties are immaterial to the determination of the existence of a third-party beneficiary contract.

3. Contracts — Third-Party Beneficiary Contracts — Subcon-
   tractors — Employees — Lost Wages.

    A contract providing that a general contractor shall furnish to a
   subcontractor heat and enclosures during sub-freezing weather
   does not create third-party beneficiary rights in the employees
   of the subcontractor such as to permit those employees to
   recover lost wages when they are discharged by the subcontrac-
   tor because of the impossibility of continuing to work due to
   the absence of heat and shelter where the subcontractor re-
   tained the right to discharge the employees without cause.

*Klein & Bloom, P.C.* (by *Barbara B. Armstrong*),
for plaintiffs.

*Lewis, White, Clay & Graves* (by *C. Jaye Berger*),
for defendant.

Before: Danhof, C.J., and Cynar and Mac-
Kenzie, JJ.

Per Curiam. Plaintiffs, representing a class of
102 sheet metal workers, were hired by the Lim-
bach Company to do fabrication and installation of
mechanical and air handling systems in the De-
troit Renaissance Center. Limbach had agreed to
perform the work in a subcontract agreement with
defendant Tishman Construction Corporation, the
construction manager and general contractor of
the project, as well as an agent of the owner,
Detroit Renaissance Partnership.

Plaintiffs, who were laid off on November 7,
1975, brought the instant action against both the
employer Limbach and the general contractor
Tishman, alleging that plaintiffs, as third-party
beneficiaries to the subcontract agreement be-
tween the employer and defendant, were wrong-
fully discharged due to Tishman's failure to per-
form its duty under that agreement to provide
temporary heat on the job during freezing
weather. On December 27, 1977, the trial judge

granted Limbach's motion for summary judgment, which has not been appealed. From the trial court's order entered February 23, 1979, granting Tishman's motion for summary judgment under GCR 1963, 117.2(1) and (3), plaintiffs bring this appeal as of right.

Plaintiffs initially contend that the trial court erred in granting defendant Tishman's summary judgment on the ground that plaintiffs have failed to state a claim of action upon which relief can be granted. GCR 1963, 117.2(1).

A motion under GCR 1963, 117.2(1) is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. *Sullivan v The Thomas Organization, PC,* 88 Mich App 77, 82; 276 NW2d 522 (1979). Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Staffney v Fireman's Fund Ins Co,* 91 Mich App 745, 751; 284 NW2d 277 (1979).

Plaintiffs argue that they have alleged a legal claim under Michigan's third-party beneficiary statute, MCL 600.1405; MSA 27A.1405, which provides, in pertinent part:

"Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

"(1) A promise shall be construed to have been made

for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person."

In their complaint, plaintiffs alleged that defendant Tishman breached the following provision of the subcontract agreement, resulting in plaintiffs' discharge:

"Contractor is to be furnished, without cost to it, the following services and energy and adequate and full operating temporary construction services to provide reasonable working conditions for its personnel and to allow it to install, protect and test its work:

\* \* \*

"d. Enclosures and heating as determined by Construction Manager where Contractor's work is scheduled in or exposed to sub-freezing weather.

\* \* \*

"The above provisions shall not have the effect of diminishing the scope of work assumed by Contractor as defined in the contract documents."

Plaintiffs further alleged that as a consequence of defendant Tishman's breach, Limbach was forced to lay off 102 workers. Plaintiffs request damages in lost wages of $107.44 per day for each employee laid off for each day of work lost.

The standard for determining whether Tishman has undertaken to benefit plaintiffs through its promise to provide heat is an objective one, to be discerned from the terms of the contract itself. *Guardian Depositors Corp v Brown*, 290 Mich 433, 438; 287 NW 798 (1939), *Jachim v Coussens*, 88 Mich App 648, 654; 278 NW2d 708 (1979). The contracting parties' motives and subjective intent are immaterial in determining the existence of a third-party beneficiary:

" 'So long as the contract necessarily and directly benefits the third person, it is immaterial that this protection was afforded him, not as an end in itself, but for the sole purpose of securing to the promisee some consequent benefit or immunity. In short, the motive, purpose, or desire of the parties is a quite different thing from their intention. The former is immaterial; the intention as disclosed by the terms of the contract, governs. It is to be borne in mind that the parties are presumed to intend the consequences of a performance of the contract. That which is contemplated by the terms of the contract is "intended" by the parties.' Annotation, 'Right of Third Persons to Enforce Contract Between Others for His Benefit,' 81 ALR 1271, 1287." *Talucci v Archambault,* 20 Mich App 153, 160; 173 NW2d 740 (1969).

See also *Guardian, supra.*

*Talucci* involved a situation somewhat similar to the case at bar. There the plaintiff contended that he was a third-party beneficiary to a contract between his employer and the defendants, pursuant to which the defendants agreed to remove snow from the employer's premises. The plaintiff argued that the purpose disclosed by the contractual provisions was to provide safe ingress to and egress from the employer's building for its employees and that he was injured due to the defendant's breach when he slipped and fell on an accumulation of snow at an entrance to the building. Reversing the lower court's order of summary judgment in favor of the defendants, this Court held that the test to be applied on remand is "whether defendants, as promisors, have undertaken to discharge any duty owed by plaintiff's employers to its employees".

Thus, under the *Talucci* analysis, plaintiffs herein arguably derived a benefit from the contract between their employer and Tishman. How-

ever, we perceive this benefit to be limited to the promise of a safe and suitable work environment. We do not believe defendant Tishman obligated itself to provide plaintiffs with permanent employment for the duration of the construction project. That no such guarantee was anticipated by plaintiffs' employer, Limbach, is shown from the provisions of the collective bargaining agreement between plaintiffs and Limbach, pursuant to which Limbach retained the sole right to hire and fire its employees, including the right to discharge them without cause. Thus, in contrast to *Talucci,* plaintiffs herein are not asserting that defendant Tishman had undertaken to discharge a duty already owed by plaintiffs' employer to its employees.

In that plaintiffs are attempting to enforce through a third-party beneficiary action a right they could not assert as parties to the collective bargaining agreement covering the same construction project, this case resembles *Arrow Sheet Metal Works, Inc v Bryant & Detwiler Co,* 338 Mich 68; 61 NW2d 125 (1953). In *Arrow,* the plaintiff, a subcontractor on a construction project, sought recovery as a third-party beneficiary to the contract between the owner and the defendant, the general contractor, pursuant to which the defendant allegedly promised to keep roadways leading to the construction project free from ice, snow, and other obstructions in order to permit delivery of materials and movement of personnel and was also required to provide electrical current for temporary power and light so that the plaintiff's tools and equipment might be operated without interruption. In affirming the trial court's denial of recovery on the third-party beneficiary theory, the Michigan Supreme Court held that the plaintiff was bound by a provision in its own contract with the defendant, which provided as follows:

*"Time is the Essence of this Order.* Work to be done at such time or times and in such manner and in such quantities as may be required by us [defendant], to meet our time schedule." *Id.,* 75.

The Court construed the clause accordingly:

"The clause quoted can scarcely be given any interpretation other than as granting to defendant the right to direct and control the time and manner of doing the work covered by the subcontract. * * *

"The provision quoted is at variance with the claim of the plaintiff that the general conditions specified in the contract between defendant and the owner were incorporated in the subcontract to such an extent and in such manner as to impose on defendant a duty to perform them for plaintiff's benefit to the end that any delay in the performance of the subcontract, to plaintiff's damage, should not occur." *Id.,* 76.

Similarly, we find that the provisions of the collective bargaining agreement giving plaintiffs' employer the right to dismiss its employees without cause is dispositive of plaintiffs' third-party beneficiary action.

Affirmed. Costs to defendant.