RIETH-RILEY CONSTRUCTION CO, INC v DEPARTMENT OF
TRANSPORTATION

Docket No. 67999. Submitted November 14, 1983, at Lansing.—De-
cided August 6, 1984. Leave to appeal applied for.

M & B Contracting Corporation entered into a contract with
defendant, Michigan Department of Transportation, for the
construction of certain grading and drainage structures with a
bituminous aggregate surface. M & B in turn entered into a
subcontract with plaintiff, Rieth-Riley Construction Co., Inc.,
which provided that the subcontractor was to provide certain
materials, including bituminous base course, to M & B for use
in the project. The contract between defendant and M & B
contained certain price adjustments, or escalator clauses, for
two asphalt cement items, but not for bituminous base course.
The omission of the bituminous base course from the table of
escalated items was unintentional and contrary to defendant's
practice of including such a provision in its contracts. The
subcontract between plaintiff and M & B did not include an
escalator clause for certain bituminous base course. During
performance of the contract between plaintiff and M & B, the
price of bituminous base course increased and plaintiff sought
additional payment of approximately $65,000. Defendant re-
fused to provide a price adjustment. Plaintiff then instituted
suit against defendant in the Court of Claims, seeking recovery
as a third-party beneficiary of the contract between M & B and
the defendant. Defendant filed a motion for summary judgment
alleging failure to state a claim upon which relief could be
granted. The trial court, James T. Kallman, J., granted the
motion for summary judgment and denied the plaintiff's subse-
quent motion to amend its complaint. Plaintiff appeals from
both of the orders. *Held:*

1. The trial court did not err in granting defendant's motion
for summary judgment.

2. An objective standard is used to determine whether plain-

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleadings §§ 230, 231.
[2] 17 Am Jur 2d, Contracts §§ 302-304.
[3] 27 Am Jur 2d, Equity § 6.

tiff is a third-party beneficiary of the contract between M & B and the defendant. It cannot be said that the defendant promised to do anything directly to or for the plaintiff. Nor did M & B extract a promise from defendant so as to bestow a benefit on plaintiff. The plaintiff, therefore, did not plead sufficient facts to establish itself as a third-party beneficiary of the contract between M & B and the defendant.

3. Plaintiff was neither a creditor beneficiary nor a donee beneficiary in regard to the contract between M & B and the defendant.

4. Plaintiff's claim regarding unjust enrichment is without merit. Furthermore, the Court of Claims lacks jurisdiction to decide equitable claims.

5. The trial court did not abuse its discretion in denying plaintiff's motion to amend its complaint.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment based upon a failure to state a claim upon which relief can be granted is to be decided with reference to the pleadings alone, accepting every well-pleaded fact as true (GCR 1963, 117.2[1]).

2. CONTRACT — THIRD-PARTY BENEFICIARIES.

Any person for whose benefit a promise is made by way of contract has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee; a promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person; an objective standard is to be used to discern the parties' intentions from the contract itself (MCL 600.1405; MSA 27A.1405).

3. COURTS — COURT OF CLAIMS — JURISDICTION — EQUITABLE CLAIMS.

The Court of Claims does not have the jurisdiction to decide equitable claims.

*Brown & Winckler* (by *James L. Winckler*), for plaintiff.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Christine A. Derdarian*, Assistant Attorney General, for defendant.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and G. R. COOK,* JJ.

M. J. KELLY, J. In August, 1979, M & B Contracting Corporation entered into a contract with defendant, Michigan Department of Transportation (MDOT), for the construction of 6.1 miles of grading and drainage structures in Kalkaska and Missaukee Counties with a 24-foot bituminous aggregate surface. M & B in turn entered into a subcontract with plaintiff, Rieth-Riley Construction Co., Inc., which provided that the subcontractor was to provide certain materials, including bituminous base course, to M & B for use in the project. The contract between MDOT and M & B contained price adjustments, or escalator clauses, for two asphalt cement items, but not for bituminous base course.

The purpose for the inclusion of such escalator clauses dates back to 1974 when MDOT included such provisions in its highway construction contracts to compensate contractors and subcontractors for the increased costs of acquiring materials and fuel during the course of construction. The clauses are solely a cost reimbursement measure that reflect the changes in the cost of material from the time of bidding to the time of performance. Its inclusion benefits MDOT insofar as it stabilizes and reduces bids which would otherwise likely be substantially higher because of the contractor's cost uncertainties for acquiring material and fuel.

MDOT admitted that the omission of the bituminous base course from the table of escalated items was unintentional. In fact, defendant circulated a memorandum to the Michigan Asphalt Paving

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Association, of which plaintiff was a member, indicating that cost adjustment clauses would be applied to bituminous materials.

In the subcontract between plaintiff and M & B, an escalator clause was not included for certain bituminous base course. Plaintiff alleges that when it formulated its bid it relied upon the past practices of MDOT and upon the representations made by the MDOT personnel. During performance of the contract between plaintiff and M & B, the price of bituminous base course increased significantly and thereafter plaintiff sought additional payment of approximately $65,000. MDOT, in refusing to provide a price adjustment for the bituminous base course supplied by plaintiff, relied upon the unambiguous language contained in the MDOT and M & B contract which had no provision for an escalator clause for this material.

Plaintiff instituted suit against the MDOT in the Court of Claims, seeking recovery as a third-party beneficiary of the M & B and MDOT contract. Plaintiff alleged that, although the escalator clause for the bituminous base course was not part of the written contract, the inclusion of the clause was contemplated pursuant to the representations made by defendant and by custom in the industry. Plaintiff also claimed that it should recover on an unjust enrichment theory.

Defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1). The issue turns on whether plaintiff's complaint stated a claim for which relief could be granted. Plaintiff apparently had made no claim against M & B for the bituminous base cost increase. The explanation for its conduct in this regard is immaterial as it is not before this Court and was not addressed below.

Following oral argument, the trial court granted

defendant's motion for summary judgment. There-
after plaintiff filed a motion to amend its com-
plaint. In a written opinion and order, the trial
court denied plaintiff's motion as the allegations
set forth in the amended complaint were essen-
tially the same as those set forth in the original
complaint.

Plaintiff appeals as of right, contending (1) that
the trial court erred in granting defendant's mo-
tion for summary judgment and (2) that error was
committed when the trial court would not permit
plaintiff to amend its complaint.

It is well settled that a motion for summary
judgment under GCR 1963, 117.2(1) is decided with
reference to the pleadings alone, accepting every
well-pleaded fact as true. *Anderson v Kemper Ins
Co,* 128 Mich App 249, 252; 340 NW2d 87 (1983).
We believe that the trial court did not err in
granting defendant's motion for summary judg-
ment.

A reading of plaintiff's original complaint re-
veals that it is seeking recovery under the M & B-
MDOT contract as a third-party beneficiary and on
an unjust enrichment theory. Plaintiff was not, is
not, and did not claim to be a party to that
contract.

Third-party beneficiary law in Michigan is con-
trolled by statute. MCL 600.1405; MSA 27A.1405
provides in pertinent part:

"Any person for whose benefit a promise is made by
way of contract, as hereinafter defined, has the same
right to enforce said promise that he would have had if
the said promise had been made directly to him as the
promisee.

"(1) A promise shall be construed to have been made
for the benefit of a person whenever the promisor of

said promise has undertaken to give or to do or refrain from doing something directly to or for said person."

The question then is whether MDOT undertook to do "something directly to or for" plaintiff such that plaintiff can be properly considered a party "for whose benefit a promise is made".

This Court and the Supreme Court have applied the third-party beneficiary statute in a variety of contexts. There appears to be no case with facts closely analogous providing a clear-cut answer to whether plaintiff is a third-party beneficiary. The law, however, clearly states that an objective standard is to be used which discerns the parties' intentions from the contract itself. Therefore the parties' motives and subjective intentions are not relevant in determining whether plaintiff is a third-party beneficiary. *Guardian Depositors Corp v Brown,* 290 Mich 433; 287 NW 798 (1939); *Jachim v Coussens,* 88 Mich App 648; 278 NW2d 708 (1979); *Local 80 Sheet Metal Workers International Ass'n, AFL-CIO v Tishman Construction Corp,* 103 Mich App 784; 303 NW2d 893 (1981). Not everyone who benefits in some way from a contract can be classified as a third-party beneficiary so as to be able to stand in the promisee's shoes and recover under the contract. In *Greenlees v Owen Ames Kimball Co,* 340 Mich 670, 676; 66 NW2d 227 (1954), the Supreme Court quoted approvingly from 12 Am Jur, Contracts, § 282, p 834:

"The principle that one not a party or' privy to a contract but who is the beneficiary thereof is entitled to maintain an action for its breach is not so far extended as to give to a third person who is only indirectly and incidentally benefited by the contract the right to sue upon it. An incidental beneficiary has no rights under the contract. A third person cannot maintain an action upon a simple contract merely because he would receive

a benefit from its performance or because he is injured by the breach thereof. Where the contract is primarily for the benefit of the parties thereto, the mere fact that a third person would be incidentally benefited does not give him a right to sue for its breach."

In *Local 80 v Tishman, supra,* this Court affirmed the trial court's grant of the defendant's motion for summary judgment where plaintiffs' complaint was founded on a third-party beneficiary theory. The plaintiffs, employees of a subcontractor on a construction project, instituted suit against the general contractor seeking recovery based upon a promise made by the general contractor in its contract with the subcontractor to provide reasonable working conditions, including heat. Plaintiffs' employer had retained the right to discharge without cause. The plaintiffs, who were laid off, contended that they were wrongfully discharged due to the general contractor's failure to provide heat in freezing weather. This Court found that while plaintiffs did derive a benefit from the contract in terms of a safe and suitable work environment, they could not recover under a third-party beneficiary theory since the defendant had not undertaken to discharge a duty already owed by plaintiffs' employer to its employees.

In *Talucci v Archambault,* 20 Mich App 153; 173 NW2d 740 (1969), plaintiff attempted to recover as a third-party beneficiary of contracts between his employer, Maccabees Mutual Life Insurance Company, and defendants snow removal services. Plaintiff argued that he could sue defendants directly for his slip-and-fall injury since the contracts were intended to benefit him as an employee. This Court held that the trial court erred when it granted defendants' motions for summary judgment and instructed the trial court on remand

to "determine whether defendants, as promisors, [had] undertaken to discharge any duty owed by plaintiff's employer to its employees". *Talucci, supra,* p 160.

In both *Tishman* and *Talucci,* therefore, this Court found it significant to determine whether the promise satisfied an obligation owed by the promisee to the purported third-party beneficiary. This is not the only test, however, and the Court has elsewhere been concerned with the clarity with which an agreement indicates a benefit to one not a party to the contract. See, *e.g., Jachim v Coussens, supra.* Therefore, utilizing an objective test in looking to the contract here involved, the question is, did defendant make a promise to do something directly to or for plaintiff?

The rationale for defendant's inclusion of escalator clauses in construction contracts was set forth by plaintiff in its original complaint. They are used so that contractors submitting bids to the state will not inflate their bids to excessive levels to protect themselves from possible substantial increases in the price of certain materials during performance. Examining defendant's purported promise in light of that policy, for whose benefit would the escalator clause be included? The obvious answer, based on the plaintiff's analysis, is that such a promise would be for the promisor's benefit alone. It is correct that plaintiff would have benefited had an escalator clause for bituminous base course been included in the contract, had prices increased, had the defendant paid the general contractor more, and had the general contractor passed such amount on to the subcontractor. Yet, in the circumstances here, it cannot be said that defendant promised to do anything directly to or for plaintiff.

Nor did M & B extract a promise from defendant so as to bestow a benefit on plaintiff. There is no suggestion that M & B had any prior or other obligation to plaintiff such that a promise made by defendant would fulfill that obligation, thus making plaintiff a creditor beneficiary. *Cf. Local 80 v Tishman, supra.* There is no suggestion that a gratuity was contemplated by the promise, making plaintiff a donee beneficiary. The prime purpose of the escalator clause from M & B's perspective is to avoid having to pay significantly higher material costs during performance of the contract thereby preserving the profit margin contemplated in its bid.

We believe that the trial court appropriately decided that even if a provision had been included in the contract for cost adjustment for bituminous base course, it would not mean, given the nature and purpose of the contract, that defendant had "undertaken to give or to do or refrain from doing something directly to or for" plaintiff. The following excerpt from the hearing on the motion for summary judgment suggests the trial court's line of reasoning, which probably led to its granting of the summary judgment for defendant:

"*The Court:* They—okay, written contract. [The state has] lived up to the terms of the written contract with M & B. Now, M & B has gotten their money. Isn't your —would—did Rieth-Riley have a lot of discussions on this contract with the state?

"*Mr. Boyko [plaintiff's counsel]:* Prior to the execution of the prime contract?

"*The Court:* Right.

"*Mr. Boyko:* No.

"*The Court:* All their discussions were with M & B, unless the contractors are doing business differently than when I was in the insurance business, all subcon-

tractors always did business with the prime contractor or the general contractor.

"*Mr. Boyko:* That is correct.

"*The Court:* And they made their own agreements between them and the person, the prime contractor, did business with—the subcontractors *didn't go running to them* and—to negotiate their deals. So—and that is what we have here."

We find that plaintiff has not pled sufficient facts to establish itself as a third-party beneficiary of the contract between M & B and MDOT.

Further, we find plaintiff's remaining claims without merit. Plaintiff's allegation that defendant was unjustly enriched hinges on the determination that an escalator clause was to be included in the contract between MDOT and M & B but was not. Plaintiff never argued that the price called for by the clear, unambiguous language of the contract was unfair. Therefore, plaintiff's claim goes outside of the contract. Furthermore, if we were to look outside the contract to determine whether defendant was unjustly enriched, jurisdictional problems occur as the Court of Claims lacks jurisdiction to decide equitable claims. *Greenfield Construction Co, Inc v Dep't of State Highways,* 402 Mich 172; 261 NW2d 718 (1978); *Taylor v Auditor General,* 360 Mich 146; 103 NW2d 769 (1960).

Lastly, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend its complaint. At the hearing on defendant's motion for summary judgment the trial court made it clear that it was not persuaded by plaintiff's assertion that it was a third-party beneficiary. Thereafter, alleging the discovery of new facts, it sought to amend its complaint. The proposed amended complaint substituted paragraphs which more favorably supported a third-party ben-

eficiary theory than those outlined in plaintiff's original complaint. We, however, hold that in reality the only "new fact" discovered by plaintiff was the fact that the trial court rejected plaintiff's theory that it was a third-party beneficiary. We therefore conclude that the trial court did not abuse its discretion in denying plaintiff's motion to amend its complaint.

We affirm the trial court's grant of defendant's motion for summary judgment and its denial of plaintiff's motion to amend its complaint.