GREENLEES *v.* OWEN AMES KIMBALL COMPANY.

1. Contracts—Incidental Beneficiaries.

An incidental beneficiary under a contract has no rights under the contract (CL 1948, § 691.59 *et seq.*).

2. Same—Third-Party Beneficiary—Landlord and Tenant—Contract for Remodeling—Furrier.

A contract between landlord and defendant building contractor, which provided that the work of remodeling of lobby of the 16-story building was to be performed "in such a way as to cause a minimum of disturbance to the daytime operations in the building," was for the direct, not incidental, protection of plaintiff tenant whose furrier business was located in por-

---

References for Points in Headnotes

[1] 12 Am Jur, Contracts § 282.
[2-4] 12 Am Jur, Contracts § 277 *et seq.*

tion of the building affected by remodeling project and plain-
tiff's possession was notice to defendant of plaintiff's rights
(CL 1948, § 691.541 et seq.).

3. SAME—THIRD-PARTY BENEFICIARY—STATUTES.

A promise shall be construed to have been made for the benefit
of a person whenever the promisor of said promise has under-
taken to give or to do or to refrain from doing something di-
rectly to or for said person (CL 1948, § 691.542).

4. SAME—THIRD-PARTY BENEFICIARY—BUILDING REMODELING—DAM-
AGE TO TENANT FURRIER—EVIDENCE.

Plaintiff furrier, a tenant in 16-story building in which de-
fendant contracted with landlord to do remodeling work, was
entitled to maintain his cause of action against defendant
for damages from dust under the third-party beneficiary stat-
ute, where the contract provided for performance of the work
in such a way as to cause a minimum of disturbance to the
daytime operations in the building, since plaintiff was a
member of the class directly affected by such provision;
hence, contract should have been admitted in evidence (CL
1948, § 691.541 et seq.).

Appeal from Kent; Searl (Fred N.), J. Submitted
June 16, 1954. (Docket No. 84, Calendar No. 46,159.)
Decided October 4, 1954.

Assumpsit by C. Ray Greenlees against Owen
Ames Kimball Company, a Michigan corporation,
for damages to business occasioned when defendant,
under contract with building owner, made altera-
tions on building in which plaintiff was tenant.
Judgment for defendant. Plaintiff appeals. Re-
versed and remanded.

*Rosemary Scott,* for plaintiff.

*Allaben & Davids,* for defendant.

REID, J. Plaintiff, as third-party beneficiary, sued
defendant for damages to plaintiff's fur garments
on display in his place of business. The suit is

brought under PA 1937, No 296 (CL 1948, § 691.541 *et seq.* [Stat Ann 1953 Rev § 26.1231 *et seq.*]).

Plaintiff's statement of the facts involved in the case is as follows:

"The plaintiff operates his business as furrier on the basement floor of the building known as the McKay Tower, formerly known as the Grand Rapids National Bank Building. He is a tenant of the Frank D. McKay Realty Company, a Michigan corporation. The leased premises consist of a fur display and salesroom with workroom adjacent. This area is divided into 4 interconnecting portions. The entryway is about 18 feet square. This opens into the main display room which is 18 feet by 28 feet. Leading from this room is a vault with safety-deposit boxes used by the plaintiff as a storeroom for fur coats and fur materials and used also by other tenants of the building for safekeeping. To the right of the main room is a workroom about 15 feet by 40 feet. This room has wood paneling along its north side in which there is storage space used by the plaintiff and other tenants of the building. In this storage area, there was a safe 4 feet square embedded in concrete and connected to a night depository chute which extended to the first floor lobby.

"The lease between the plaintiff and the Frank D. McKay Realty Company specified that the lessor would not be responsible for stoppage of plumbing, elevator, or heating apparatus during reasonable business hours or 'for stoppage for needful repairs or for improvements when occasioned by any casualty.' The lease also specified that the lessor would not be liable for any damage due to the building becoming out of repair. The lessor retained the right to enter the premises to make repairs, additions or alterations 'as may be necessary for the safety, improvement or preservation' of the building. Attached to the lease were rules and regulations applying to the lessee pertaining to the obstruction of

passageways, movement of bulky articles, distur-
bance of the occupants of the building, and move-
ment of safes according to the rules of the lessor
and the right of the lessor to make additional rules
and regulations.   The rider to the lease specified
that the lessee agreed to permit ingress and egress
of tenants specified by the lessor into the lessee's
rental space so that storage space might be avail-
able to the other tenants.

"In September, 1952, the defendant wrote Mr.
Frank D. McKay a letter which is set forth as plain-
tiff's proposed exhibit 2. In the letter, the defendant
agreed to furnish labor and material to repair the
lobby of the building according to the specifications
prepared by the architect employed by the Frank D.
McKay Realty Company. The feature of this con-
tract of prime importance in this suit states:

" 'All work to be performed as per plans and spec-
ifications prepared by your architect and in such
a way as to cause a minimum of disturbance to the
daytime operations in the building.'

"There was no written agreement specifying the
removal of the safe in the area adjacent to plaintiff's
leased premises.   The building superintendent of
the landlord stated that the particular items of work
to be done were made by verbal arrangement.   In
October, 1952, agents of the defendant appeared in
plaintiff's place of business to remove the safe by
use of electric chisels.   The removal of the safe was
part of the alterations of the first floor lobby area.
Subsequent to the removal of the safe, in De-
cember, 1952, provision was made by the agents
of the defendant for installation of electrical equip-
ment to operate the doors installed on the first floor.
On this occasion, also, the agents of the defendant
entered plaintiff's place of business.

"The 16-floor McKay Tower was used exclusively
for rental purposes by tenants of the Frank D.
McKay Realty Company, which had offices on the
first floor opening off of the lobby.

"According to the agents of the Frank D. McKay Realty Company, that company furnished no supervision of the work that was done by the defendant. It gave no notice to tenants. There is a conflict of testimony as to whether or not the plaintiff received oral notice of the work to be done prior to the beginning of that work in areas adjacent to the area rented by the plaintiff. The building superintendent stated that he hauled out materials no longer needed by the defendant, gave dropcloths to the agents of the defendant and instructed cleaning women to clean up dust and debris as the work progressed and after it was finished. The building superintendent stated that the plaintiff was the only tenant bothered by the work done by the defendant.

"Plaintiff claims damages for the dust caused on the 2 occasions when work was done by the defendant which resulted from the drilling into the walls of the building.

"At the time of the introduction of plaintiff's proposed exhibit 2, the letter containing the contract between the defendant and the Frank D. McKay Realty Company, counsel for the defendant objected. The testimony set forth in the record was limited to facts bearing upon that contract and not upon the cause or measure of damages of the plaintiff. In determining the admissibility of this evidence, the court sustained the objection of defendant on the ground that the proposed exhibit did not set forth a contract under which the promisor assumed a direct obligation to the plaintiff. The plaintiff was held by the court to be an incidental beneficiary who could not, because of this status, maintain this action. On this ground, a judgment dismissing the cause of action was entered. From the ruling on proposed plaintiff's exhibit 2 and from the decision of the court, this appeal is taken."

Plaintiff-appellant cites as the general rule that a landlord who undertakes voluntary repairs is liable for injury to his tenant in making such repairs, the

liability being based upon the landlord's liability for breach of the covenant of quiet enjoyment implied from the covenants of the lease, citing 1 Tiffany, Real Property (3d ed), §§ 105 and 91.

Plaintiff further cites *Guardian Depositors Corp. v. Brown,* 290 Mich 433, as the leading case in Michigan in a determination of the beneficiary.

Defendant cites 1 Restatement, Contracts, ch 6, § 133, that a donee beneficiary, creditor beneficiary, and incidental beneficiary, are defined as follows:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in subsection (3):

"(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

"(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the statute of limitations or by a discharge in bankruptcy, or which is unenforceable because of the statute of frauds;

"(c) an incidental beneficiary if neither the facts stated in clause (a) nor those stated in clause (b) exist."

Defendant further claims that plaintiff is not a creditor beneficiary under the above definition, citing as its reasoning that the defendant assumed no duty of plaintiff's lessor in entering into the remodeling contract.

· "The principle that one not a party or privy to a contract but who is the beneficiary thereof is entitled to maintain an action for its breach is not so far extended as to give to a third person who is only indirectly and incidentally benefited by the contract the right to sue upon it. An incidental beneficiary has no rights under the contract. A third person cannot maintain an action upon a simple contract merely because he would receive a benefit from its performance or because he is injured by the breach thereof. Where the contract is primarily for the benefit of the parties thereto, the mere fact that a third person would be incidentally benefited does not give him a right to sue for its breach." 12 Am Jur, Contracts, § 282, p 834.

The trial judge in his finding recites:

"The fact that plaintiff might *incidentally* (italics supplied) benefit by performance of the contract does not permit him to maintain this action," citing 2 Williston on Contracts, § 402, p 1157; 1 Restatement, Contracts, ch 6, § 147; *Marlboro Shirt Co.* v. *American District Telegraph Co.*, 196 Md 565 (77 A2d 776).

The landlord is not a party to this case and its rights and liabilities are not being adjudicated.

The contract between landlord and defendant contractor provided that the work of remodeling was to be performed "in such a way as to cause a minimum of disturbance to the daytime operations in the building." Plaintiff's display of its fur goods to the view of customers was thus directly and intentionally provided for. The contract was for the direct protection of plaintiff tenant. Plaintiff's possession was notice to defendant of plaintiff's rights. The landlord would be only indirectly involved because of a violation of its covenant with plaintiff for quiet and peaceful possession.

The words of the statute heretofore cited, as contained in section 2 thereof, are as follows:

"A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or to refrain from doing something directly to or for said person." CL 1948, § 691.542 (Stat Ann § 26.1232).

The provision in the contract between the landlord and defendant contractor which provided that the work of remodeling was to be performed "in such a way as to cause a minimum of disturbance to the daytime operations in the building" was a promise within the meaning of the statute for the benefit of the tenants as a class who are habitually carrying on the daytime operations in the building, that the defendant shall refrain from doing something directly to such tenants, causing them damage. The contract was not, but should have been, admitted in evidence. Plaintiff is entitled to maintain his cause of action under the third-party beneficiary statute.

The trial court trying the case without a jury granted defendant's motion to dismiss the cause on the ground that under the alleged contract relied upon by plaintiff, plaintiff is not a third-party beneficiary and not entitled to recover. The judgment should be set aside. The case is remanded with direction to the trial judge to set aside the judgment for the purpose of trying the case upon the merits. Costs to await results of the trial.

CARR, SHARPE, DETHMERS, and KELLY, JJ., concurred with REID, J.

BUTZEL, C. J., and BUSHNELL and BOYLES, JJ., concurred in the result.