GRAND BLANC LANDFILL, INC v SWANSON ENVIRONMENTAL, INC

Docket No. 118755. Submitted July 17, 1990, at Detroit. Decided November 19, 1990, at 9:05 A.M. Leave to appeal sought.

Grand Blanc Landfill, Inc., brought an action in the Oakland Circuit Court against Swanson Environmental, Inc., claiming in part that the defendant had breached a contract to which the plaintiff was a third-party beneficiary. The plaintiff alleged that the contract had arisen and was breached in an earlier and unrelated action in which the plaintiff was a party and the defendant was appointed by the trial court, pursuant to MRE 706, to serve as an expert witness. The court, Fred M. Mester, J., granted summary disposition in favor of the defendant. The plaintiff appealed.

The Court of Appeals *held*:

An expert appointed by a trial court pursuant to MRE 706 to obtain disinterested and unbiased testimony is an officer of the court and does not appear as the witness of either party. Such an appointment creates a relationship between the expert and the appointing court for the court's benefit. Any benefit derived by either party from the expert's performance of the contract is incidental and does not give rise to a right by either party to sue as a third-party beneficiary in the event of a breach of that contract.

Affirmed.

WITNESSES — COURT-APPOINTED EXPERT WITNESSES — RULES OF EVIDENCE.

An expert appointed by a trial court to obtain disinterested and unbiased testimony is an officer of the court and does not appear as the witness of either party; such an appointment creates a contractual relationship between the expert and the appointing court for the court's benefit, and any benefit derived by either party from the expert's performance of the contract is

REFERENCES

Am Jur 2d, Expert and Opinion Evidence §§ 15, 16, 19.

See the Index to Annotations under Expert and Opinion Evidence; Third-Party Beneficiaries.

incidental and does not give rise to a right by either party to sue as a third-party beneficiary in the event of a breach of that contract (MRE 706).

*Tucker & Rolf* (by *Stephen P. Ormond* and *Kirsten Kingdon*), for the plaintiff.

*Donnelly W. Hadden,* for the defendant.

Before: SHEPHERD, P.J., and SAWYER and MC-DONALD, JJ.

SHEPHERD, P.J. Plaintiff appeals from the trial court's order granting partial summary disposition to defendant and dismissing plaintiff's claim for breach of a third-party beneficiary contract. We affirm.

In 1985, plaintiff instituted an action against the Department of Natural Resources to enjoin the department from interfering with plaintiff's operation of its landfill. During the course of that litigation, the Ingham Circuit Court appointed defendant, Swanson Environmental, Inc., as an expert to evaluate the effect of the landfill on the surrounding environment. The order appointing Swanson was made pursuant to MRE 706 which authorizes the court to appoint experts and fix their compensation. Swanson was to provide the court and the parties with copies of its report, and the parties were to share the cost. Plaintiff paid nearly $23,000 to Swanson for its services. Swanson's report, which was unfavorable to plaintiff, was nonetheless found by the court to be inadequate and defective, and the court did not rely upon it. Plaintiff ultimately prevailed in that action.

Plaintiff commenced the present action against Swanson in May 1988, seeking reimbursement of the monies it paid Swanson and consequential

damages incurred in having to refute Swanson's report during subsequent investigations by the DNR and the United States Environmental Protection Agency. Plaintiff's amended complaint set forth four causes of action: breach of contract, breach of a third-party beneficiary contract, negligence in the performance of a third-party contract, and negligence. On May 10, 1989, the trial court granted defendant's motion for summary disposition with regard to the third-party beneficiary claim, pursuant to MCR 2.116(C)(8). Plaintiff's subsequent motion for rehearing was denied. Plaintiff's sole contention on appeal is that the trial court erred in finding that there was no third-party beneficiary contract between plaintiff and defendant arising from defendant's appointment as an expert in the prior litigation. The merits of plaintiff's remaining claims for breach of contract, negligent performance of a contract, and negligence are not before us.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community Nat'l Bank,* 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of the claim are accepted as true, as well as all inferences which can fairly be drawn from those facts. *Id.* The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

In Michigan, third-party beneficiary law is controlled by MCL 600.1405; MSA 27A.14.05, which provides in pertinent part:

Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the

same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

(1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

This Court, in *Reith-Riley Construction Co, Inc v Dep't of Transportation,* 136 Mich App 425, 430-431; 357 NW2d 62 (1984), lv den 422 Mich 911 (1985), set forth the general principles governing application of the above statute:

> The law . . . clearly states that an objective standard is to be used which discerns the parties' intentions from the contract itself. Therefore the parties' motives and subjective intentions are not relevant in determining whether plaintiff is a third-party beneficiary. *Guardian Depositors Corp v Brown,* 290 Mich 433; 287 NW 798 (1939); *Jachim v Coussens,* 88 Mich App 648; 278 NW2d 708 (1979); *Local 80 Sheet Metal Workers International Ass'n, AFL-CIO v Tishman Construction Corp,* 103 Mich App 784; 303 NW2d 893 (1981). Not everyone who benefits in some way from a contract can be classified as a third-party beneficiary so as to be able to stand in the promisee's shoes and recover under the contract. In *Greenlees v Owen Ames Kimball Co,* 340 Mich 670, 676; 66 NW2d 227 (1954), the Supreme Court quoted approvingly from 12 Am Jur, Contracts, § 282, p 834:
> "The principle that one not a party or privy to a contract but who is the beneficiary thereof is entitled to maintain an action for its breach is not so far extended as to give to a third person who is only indirectly and incidentally benefited by the contract the right to sue upon it. An incidental beneficiary has no rights under the contract. A third person cannot maintain an action upon a simple contract merely because he would receive a

benefit from its performance or because he is injured by the breach thereof. Where the contract is primarily for the benefit of the parties thereto, the mere fact that a third person would be incidentally benefited does not give him a right to sue for its breach."

Defendant was appointed by the Ingham Circuit Court, pursuant to MRE 706, to aid the court in objectively assessing the effect of plaintiff's landfill on the surrounding environment. An expert appointed by a trial court to obtain disinterested and unbiased testimony is an officer of the court and does not appear as the witness of either party. 31A Am Jur 2d, Expert and Opinion Evidence, § 16, pp 30-31. MRE 706, which vests a trial court with authority to appoint such an expert, must be construed as allowing for the creation of a relationship between the expert and the appointing court, for the court's benefit. It is the court that appoints the expert, establishes its duties, and determines its compensation. Merely because a party to the action may receive a benefit from the performance of the contract or may be injured by the breach, the incidental benefit does not give the party the right to sue for its breach. *Greenlees, supra.* The fact that the parties are responsible for compensating the court-appointed expert does not alter this fact. Were it contrary, experts would become reluctant to accept court appointments, and the objectives of MRE 706 would be greatly undermined.

We believe that if it appears that a court-appointed expert has failed to adequately perform its contract with the appointing court, the better course would be for the parties to bring the matter to that court to order a refund of the sums paid to the expert. The court, with its power to limit not only the expert's duties, but also its compensation,

should, as part of its authority to enforce its own directives, be the one to order a refund if it determines the expert has not performed what it was retained to perform or has done so in a deficient or incompetent manner.

Whether the holding of this case has implications for the remaining claims is a matter we do not decide.

Affirmed.