GRAND BLANC LANDFILL, INC v SWANSON ENVIRONMENTAL,
INC

Docket No. 136284. Submitted March 4, 1993, at Lansing. Decided
July 19, 1993, at 9:30 A.M. Leave to appeal sought.

Grand Blanc Landfill, Inc., brought an action in the Oakland
Circuit Court against Swanson Environmental, Inc., alleging
negligence and breach of contract with respect to the defen-
dant's conduct as a court-appointed expert witness in another
action brought by the plaintiff against a different defendant.
The court, Fred M. Mester, J., granting partial summary dispo-
sition for the defendant, dismissed the claim of breach of a
third-party beneficiary contract. The Court of Appeals, SHEP-
HERD, P.J., and SAWYER and McDONALD, JJ., affirmed. 186 Mich
App 307 (1990). The defendant, raising witness immunity as an
affirmative defense for the first time, moved for summary
disposition of the remaining claims. The trial court granted the
motion. The plaintiff appealed.

The Court of Appeals *held:*

1. Witness immunity, as an affirmative defense, is waived
unless raised in a defendant's responsive pleading. The trial
court erred in summarily dismissing the negligence claims on
the basis of witness immunity inasmuch as that affirmative
defense was waived when it was not raised in the defendant's
responsive pleading.

2. The trial court correctly dismissed the remaining contrac-
tual claim in the absence of a contract between the plaintiff
and the defendant arising from the defendant's appointment as
an expert witness. There was no mutuality of obligation or
mutuality of agreement between the parties.

Affirmed in part, reversed in part, and remanded.

PLEADING — AFFIRMATIVE DEFENSES — WITNESS IMMUNITY.

The affirmative defense of witness immunity is waived if it is not
stated in a defendant's responsive pleading (MCR 2.111[F][3]).

REFERENCES

Am Jur 2d, Pleading § 152.

See ALR Index under Defenses; Privileges and Immunities; Wit-
nesses.

*Tucker & Rolf* (by *Stephen P. Ormond, Kirsten Kingdon,* and *Kevin M. Taylor*), for the plaintiff.

*Goldstein, Serlin, Reizen, Rosenbaum & Baker, P.C.* (by *Joel H. Serlin* and *Barry M. Rosenbaum*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

MICHAEL J. KELLY, P.J. In this action for negligence and breach of contract, plaintiff appeals as of right from a December 3, 1990, Oakland Circuit Court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and denying plaintiff's motion for leave to file a second amended complaint. We affirm in part and reverse in part.

This is the second time that this matter has been before a panel of this Court. In *Grand Blanc Landfill, Inc v Swanson Environmental, Inc,* 186 Mich App 307; 463 NW2d 234 (1990), we affirmed the trial court's order granting partial summary disposition to defendant and dismissing plaintiff's claim of breach of a third-party beneficiary contract.

The factual background of this case was set forth in this Court's prior decision:

In 1985, plaintiff instituted an action against the Department of Natural Resources to enjoin the department from interfering with plaintiff's operation of its landfill. During the course of that litigation, the Ingham Circuit Court appointed defendant, Swanson Environmental, Inc., as an expert to evaluate the effect of the landfill on the surrounding environment. The order appointing Swanson was made pursuant to MRE 706 which authorizes the court to appoint experts and fix their compensation. Swanson was to provide the

court and the parties with copies of its report, and the parties were to share the cost. Plaintiff paid nearly $23,000 to Swanson for its services. Swanson's report, which was unfavorable to plaintiff, was nonetheless found by the court to be inadequate and defective, and the court did not rely upon it. Plaintiff ultimately prevailed in that action.

Plaintiff commenced the present action against Swanson in May 1988, seeking reimbursement of the monies it paid Swanson and consequential damages incurred in having to refute Swanson's report during subsequent investigations by the DNR and the United States Environmental Protection Agency. Plaintiff's amended complaint set forth four causes of action: breach of contract, breach of a third-party beneficiary contract, negligence in the performance of a third-party contract, and negligence. On May 10, 1989, the trial court granted defendant's motion for summary disposition with regard to the third-party beneficiary claim, pursuant to MCR 2.116(C)(8). [186 Mich App 308-309.]

As indicated above, plaintiff's subsequent appeal from the trial court's May 10, 1989, order was unsuccessful in this Court. However, on September 12, 1990, defendant filed a second motion for summary disposition pursuant to MCR 2.116(C)(8), which raised the defense of witness immunity for the first time. On December 3, 1990, the trial court granted defendant's motion for summary disposition with respect to plaintiff's three remaining claims. The trial court dismissed plaintiff's breach of contract claim on the ground that no contract existed between the parties. With respect to the claims of negligence in the performance of a third-party contract and negligence by a court-appointed expert sans contract, the court held that, as a court-appointed expert, defendant was entitled to absolute witness immunity.

Plaintiff first argues that, with respect to its negligence claims, the trial court erred in granting defendant's motion for summary disposition on the ground of witness immunity because defendant waived that affirmative defense by failing to assert it in its responsive pleadings.

Whether the defense of witness immunity may be waived by failing to raise it in a responsive pleading pursuant to the requirements of MCR 2.111(F)(3) is an issue of first impression in this state.

MCR 2.111(F)(3) provides:

> Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting
>
> (a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; *immunity granted by law;* want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;
>
> (b) a defense that by reason of other affirmative matters seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;
>
> (c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise. [Emphasis added.]

Under MCR 2.111(F), affirmative defenses must be stated in a party's responsive pleading, otherwise they are waived. The affirmative defenses listed in MCR 2.111(F)(3)(a) were not intended to be all inclusive, but rather were enumerated for

purposes of illustration. *Campbell v St John Hosp,* 434 Mich 608, 615; 455 NW2d 695 (1990). The broad language of MCR 2.111(F) and the case law expanding the description of affirmative defenses beyond those listed in MCR 2.111(F)(3)(a) "provides adequate warning to the practitioner that defenses which go beyond rebutting the plaintiff's prima facie case, other than lack of subject matter jurisdiction and failure to state a claim, should be stated in the responsive pleading, lest they be deemed to have been waived." *Id.* at 616.

A reading of MCR 2.111(F)(3)(a) shows that witness immunity is not named as such in the list of affirmative defenses that must be pleaded in a responsive pleading. However, witness immunity is an "immunity granted by law." *Couch v Schultz,* 193 Mich App 292, 293-295; 483 NW2d 684 (1992). An immunity granted by law is an affirmative defense that, under MCR 2.111(F)(3)(a), must be stated in a party's responsive pleading.

We believe Michigan case law favors the expansion of the class of affirmative defenses beyond those enumerated in MCR 2.111(F)(3)(a). See *Campbell, supra* at 615-616. The language of the court rule and the nature of the defense of witness immunity, in that the defense seeks to foreclose a plaintiff from continuing a civil action for reasons unrelated to the plaintiff's prima facie case, compel us to conclude that the affirmative defense of witness immunity must be stated in the party's responsive pleading, otherwise it is waived. In this case, defendant failed to assert the affirmative defense of witness immunity in its first responsive pleading. In fact, defendant did not raise the defense until it filed a second motion for summary disposition on September 12, 1990. Defendant having waived the defense of witness immunity, the

trial court erred in granting defendant's motion for summary disposition on this ground.

We find no merit in plaintiff's second claim, that the trial court's appointment of defendant expert witness created a contract between plaintiff and defendant. The facts of this case do not establish that either a direct or an implied contract existed between the parties. To the contrary, they establish that an agreement existed between the court and defendant expert witness because it was the court that appointed defendant, established its duties, and determined its compensation. *Grand Blanc Landfill, supra.* Even if the element of consideration was satisfied, plaintiff has failed to establish the other elements of mutuality of obligation and mutuality of agreement. *Mallory v Detroit,* 181 Mich App 121, 127; 449 NW2d 115 (1989). The trial court correctly held that a contract was not formed between the parties in this matter.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.