PARAGON PROPERTIES COMPANY v CITY OF NOVI

Docket No. 136645. Submitted October 6, 1993, at Detroit. Decided
    April 7, 1994; approved for publication June 23, 1994, at 9:15
    A.M. Leave to appeal sought.

Paragon Properties Company brought an action in the Oakland
    Circuit Court against the City of Novi, seeking damages for the
    alleged unconstitutional taking of real property resulting from
    the defendant's refusal to rezone the plaintiff's property from
    use for single-family dwellings to use for a mobile-home park.
    The defendant moved for summary disposition, arguing that
    the claim was not ripe for adjudication in the absence of a
    request by the plaintiff for a zoning variance and a final
    decision thereon by the zoning board of appeals and in the
    absence of an action by the plaintiff for inverse condemnation.
    The plaintiff argued that the defendant had waived the issue of
    finality by failing to raise it as an affirmative defense in its first
    responsive pleading. The court, John N. O'Brien, J., denied the
    motion and, after a bench trial, entered a judgment and award
    of damages for the plaintiff. The defendant appealed, and the
    plaintiff cross appealed.

    The Court of Appeals *held:*

    The doctrine of finality requires a property owner to obtain a
    final decision from the governmental agency alleged to have
    taken the property unconstitutionally and also to attempt to
    obtain just compensation through inverse condemnation before
    bringing an action alleging an unconstitutional taking. Because
    the issue of finality is relevant to subject-matter jurisdiction, it
    need not be raised as an affirmative defense.

    Reversed.

*Hyman & Lippitt* (by *Norman L. Lippitt* and *H. Joel Newman*), for the plaintiff.

*Fried & Levitt, P.C.* (by *Dennis Watson*), and *Cummings, McClorey, Davis & Acho, P.C.* (by *Stuart Trager* and *Gail P. Massad*), for the defendant.

Before: TAYLOR, P.J., and HOOD and B. A. JAS-PER,* JJ.

PER CURIAM. In 1980, plaintiff Paragon Properties Company bought property located in the City of Novi that was zoned for single-family residential use. In 1984, Paragon requested that Novi rezone it for a mobile-home park, but Novi declined to rezone the property. After a first lawsuit was dismissed upon the parties' stipulation, Paragon recommenced its suit against Novi in June 1989. Paragon's claim was that Novi had effected an unconstitutional taking of Paragon's property. Novi moved for partial summary disposition on the ground that Paragon's claim was not ripe for adjudication because no final decision had been made, i.e., it was impossible to say there had been a taking because Paragon neither had sought a variance from the zoning board of appeals nor had exhausted its state remedies by making an inverse condemnation claim. Paragon, in turn, argued that Novi's denial of its rezoning application constituted a final decision from which it was entitled to seek damages, and asserted that Novi was barred from asserting ripeness because it had failed to raise it as an affirmative defense in its first responsive pleading as required by MCR 2.111(F)(3). After a hearing, the trial court agreed with Paragon and denied Novi partial summary disposition.

Novi's application to this Court for leave to appeal the trial court's ruling was denied, and after Novi was allowed to file its affirmative defenses, a bench trial was held in July 1990. The thrust of Paragon's case was that it was not economically feasible to develop the property for single-family residences under the existing zoning

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

classification because the property lacks a sewer system and the soil does not percolate sufficiently to allow individual septic systems; the cost of installing a packaged water-treatment system could be borne if it was amortized over a great number of units, i.e., over a mobile-home park with 240 to 400 units, a cost that would be overwhelming if it was borne by a subdivision with 11 to 26 single-family residences. The trial court found that Paragon had been deprived of all reasonable use of the property and, therefore, the zoning classification was an unconstitutional taking of Paragon's property.

Accordingly, a judgment entered, enjoining Novi from enforcing the single-family residential zoning classification and awarding Paragon damages of $12,000 per acre plus interest from 1984, as well as attorney and witness fees. After Novi unsuccessfully moved for a new trial or judgment notwithstanding the verdict, it appealed to this Court from the judgment. Paragon cross appeals concerning the amount of damages. We reverse.

The dispositive issue is whether Novi's denial of Paragon's rezoning application constituted a final determination from which Paragon could seek redress in the circuit court. Of course, Paragon contends that Novi's denial was a final determination; Novi argues that Paragon was obliged to seek a zoning variance from the zoning board of appeals and to bring an inverse condemnation action before its constitutional claim was ripe. We agree with Novi.

Under Michigan law, the doctrine of finality requires a property owner to obtain a final decision from the governmental entity alleged to have unconstitutionally taken the property and also attempt to obtain just compensation through inverse condemnation. The purpose of the finality

requirement is to ensure that there actually was a taking. *Electro-Tech, Inc v H F Campbell Co,* 433 Mich 57, 61; 445 NW2d 61 (1989), cert den 493 US 1021 (1990); *Lake Angelo Associates v White Lake Twp,* 198 Mich App 65; 498 NW2d 1 (1993).

We also reject Paragon's contention that Novi waived the defense of finality because it failed to raise it as an affirmative defense in its first responsive pleading. Finality is relevant to subject-matter jurisdiction and thus need not be listed as an affirmative defense. *Campbell v St John Hosp,* 434 Mich 608, 616; 455 NW2d 695 (1990); *Grand Blanc Landfill, Inc v Swanson Environmental, Inc,* 200 Mich App 642, 646; 505 NW2d 46 (1993); *Pearson v Grand Blanc,* 961 F2d 1211, 1214-1215 (CA 6, 1992).

Finally, Paragon attempts to overcome the finality requirement by arguing that it would have been futile, as well as a measure taken in bad faith, to have sought a variance from the zoning board of appeals. We disagree, in light of the exceptional hardship exception that affords the zoning board of appeals the opportunity to grant the variance regardless of Paragon's ability to qualify otherwise.

Because we reverse the judgment on finality grounds, we do not reach or consider the other issues raised in this case by Novi in its direct appeal or Paragon in its cross appeal.

Reversed.