OCECO LAND COMPANY v DEPARTMENT OF NATURAL RESOURCES

Docket No. 169805. Submitted February 7, 1996, at Lansing. Decided April 12, 1996, at 9:10 A.M.

The Oceco Land Company brought an action in the Court of Claims against the Department of Natural Resources, alleging that the defendant's denial of a site-preparation permit and a special exception sought under the Sand Dune Protection and Management Act, MCL 281.651 *et seq.*; MSA 18.595(1) *et seq.*, now MCL 324.35301 *et seq.*; MSA 13A.35301 *et seq.*, for the construction of a lakefront home on a sand dune resulted in a taking of the plaintiff's property for which the plaintiff is entitled to compensation. Following a bench trial, the court, Carolyn Stell, J., entered a judgment of no cause of action. The plaintiff appealed.

The Court of Appeals *held:*

1. The plaintiff's claim was ripe for adjudication. A taking claim ripens where, as here, the landowner has received a final decision regarding the application of a regulation to the landowner's property. No merit lies in the plaintiff's contention that the claim was not ripe because it had not obtained permits for construction on an alternative site within its parcel, as proposed by the defendant, inasmuch as the plaintiff had no intention of building on the alternative site.

2. The plaintiff did not establish that a taking had occurred. It failed to show that other potential uses of the property were not feasible and, thus, that the property was rendered worthless as a result of the regulatory prohibition against building on the sand dune.

Affirmed.

1. EMINENT DOMAIN — REGULATORY TAKING — RIPENESS FOR ADJUDICATION.

A claim of taking by operation of a land-use regulation ripens when the landowner has received a final decision regarding the application of the regulation to the landowner's property.

2. EMINENT DOMAIN — REGULATORY TAKING.

A landowner seeking damages for the alleged taking of property by operation of a land-use regulation must prove that other potential

uses of the property are not feasible and, thus, that the property is rendered worthless.

*Mika, Meyers, Beckett & Jones* (by *John C. Jones* and *Patrick T. Gillen*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *A. Michael Leffler* and *James E. Riley,* Assistant Attorneys General, for the defendant.

Before: TAYLOR, P.J., and MACKENZIE and M. J. TALBOT,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of no cause of action in favor of defendant. We affirm.

In March 1989, plaintiff acquired for $30,000 a 183-foot-wide by 600-foot-deep parcel of land fronting Lake Michigan in Muskegon County. The parcel included a sand dune on the western half, and a wetland to the east. A strip of land across the wetland had been filled in to make a driveway, dividing the wetland into northern and southern portions. Plaintiff acquired the property as a commercial venture, with the intention of leveling off the top of the dune and building, for resale, a summer residence with a view of the lake.

Effective July 5, 1989, Chapter 3 of the Sand Dune Protection and Management Act, MCL 281.651 *et seq.*; MSA 18.595(1) *et seq.*, now MCL 324.35301 *et seq.*; MSA 13A.35301 *et seq.*, became applicable to plaintiff's property. Pursuant to the act, plaintiff applied to defendant for a permit for site preparation. Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

informed plaintiff that it should consider an alternative building site and suggested that it build on the existing fill driveway in the wetland at the eastern side of the property. Plaintiff declined, and the application was formally denied on the basis that the proposed construction was prohibited by the Sand Dune Protection and Management Act.

Plaintiff also applied for a special exception on the basis of "unreasonable hardship" pursuant to § 36 of the Sand Dune Protection and Management Act, MCL 281.686(1); MSA 18.595(36)(1), now MCL 324.35317 (1); MSA 13A.35317 (1), as amended by 1995 PA 262, § 1, seeking permission to build a structure over the dune, mounted on pillars and stilts. Defendant also denied this request, stating that an unreasonable hardship would occur only if there were no feasible and prudent alternatives to the intended development. Defendant concluded that plaintiff would not suffer unreasonable hardship because it could construct most of the home on the existing fill in the wetland, with the remainder of the house cantilevered over the wetland or mounted on posts and pilings. Defendant stated that the requisite permits under the Sand Dune Protection and Management Act and the Wetland Protection Act, MCL 281.701 *et seq.*; MSA 18.595(51) *et seq.*, now MCL 324.30301 *et seq.*; MSA 13A.30301 *et seq.*, could be issued.

Plaintiff appealed both decisions, and the Court of Claims affirmed.

On December 28, 1990, plaintiff filed the complaint in this case, alleging that defendant's denial of an application for a permit for site preparation and of a special exception precluded the possibility of plaintiff making any economically feasible use of the subject

property and thereby caused the property to lose substantially all market and other value to plaintiff. Plaintiff admitted that it had not sought the requisite permits for construction at the proposed alternative site in the wetland area. According to plaintiff's allegations, building over the wetland was not feasible because defendant would probably not grant the requisite approvals. Defendant denied that its proposed alternative use was not feasible. According to defendant, it had already stated that the proposed alternative for construction was permissible.

Following a bench trial, the court stated:

> The test [for determining whether a regulatory taking has occurred], in pertinent part, looks to whether the regulation deprives the owner of all economic, viable use of his land. The mere fact that a regulation deprives the owner of the most profitable use of his property does not necessarily establish the owner's right to just compensation.
>
> &ast; &ast; &ast;
>
> Plaintiff acknowledged it did not apply for any permits at the state, federal, or local level. Having failed to apply, Plaintiff did not and cannot establish that state and local permits would be denied; therefore, *the Court continues the analysis based on the assumption that the proper permits could be obtained*, although at some expense of both cost and time. [Emphasis added.]

The court concluded that plaintiff still had an economically viable use of the land—building at the alternative site at a reduced profit. Recognizing that the law does not allow compensation for a partial taking, the court denied plaintiff's claim.

Plaintiff filed a posttrial motion for relief from judgment, arguing that its taking claim was not ripe for adjudication at the time of trial and that the court's

judgment was therefore void for lack of subject-matter jurisdiction. According to plaintiff, because it brought its taking claim before attempting to obtain the necessary governmental approvals for construction at defendant's proposed alternative site, the taking claim was merely hypothetical and the trial court was forced to speculate about whether any permits for that location would be granted. The trial court denied plaintiff's motion.

On appeal, plaintiff contends that the trial court erred in finding that its taking claim was ripe. As a threshold matter, we are troubled by the stance taken by the plaintiff, i.e., that the complaining party is asserting, after a trial on the merits, that its own claim was not ripe for adjudication. It seems reasonable to conclude that, if plaintiff filed its complaint and proceeded to trial and judgment in good faith, it should be estopped from asserting that its own cause of action was premature.

Nevertheless, we reject plaintiff's claim that the case was not ripe for adjudication. A taking claim ripens when the landowner has received a final decision regarding the application of a regulation to his property. *Electro-Tech v H F Campbell Co*, 433 Mich 57, 79; 445 NW2d 61 (1989). See also *Paragon Properties Co v Novi*, 206 Mich App 74; 520 NW2d 344 (1994). In this case, plaintiff has pursued all available means of obtaining approval to build a residence on the sand dune: It applied for a site preparation permit, it sought a special exception, and, when those were denied, it appealed in the Court of Claims. Thus, plaintiff received a final administrative decision, albeit a negative one, concerning its plan to build a home on the sand dune. We reject plaintiff's conten-

tion that its taking claim was not ripe because it had not applied for permits to build at the proposed alternative construction site in the wetland area of the parcel. Plaintiff's representative testified that the company had no intention of building elsewhere within the parcel if it could not build on the dune. We decline to hold that a trial court deciding a regulatory taking claim must dismiss the claim as not ripe unless the property owner has actually taken steps to obtain all necessary permits to proceed with alternate uses, even if it has no intention of adopting any of those alternative uses.

Plaintiff's arguments, properly framed, concern whether it met its burden of proof with regard to its taking claim, not whether the claim was ripe. As previously noted, the claim became ripe once a final administrative decision was made that plaintiff could not build on the dune. *Electro-Tech, supra; Paragon Properties, supra.* Plaintiff then had the burden of proving that the property had become worthless as a result of the regulatory prohibition against building on the dune. *Bevan v Brandon Twp*, 438 Mich 385, 405; 475 NW2d 37 (1991). Here, the burden involved proving that other potential uses of the property were not feasible because the requisite government approval—wetlands and sanitary permits—could not be obtained to build at a location other than the dune. Plaintiff failed to meet that burden. Rather, there was substantial evidence that the government would issue the necessary permits and allow construction within the property's wetland area. Accordingly, the evidence established that the property had an economically viable use and plaintiff failed to meet its burden of showing that a regulatory taking occurred.

As a final matter, we note that the Legislature's most recent amendment of the statutes governing sand dunes, 1995 PA 262, has changed the standard for obtaining a special exception allowing construction on a dune. While MCL 324.35317(1); MSA 13A.35317(1), formerly MCL 281.686(1); MSA 18.595(36)(1), previously authorized the issuance of a special exception in cases of "unreasonable hardship," the amended statute now provides for the issuance of a special exception if "a practical difficulty will occur to the owner of the property if the . . . special exception is not granted." Should plaintiff choose to reapply for a special exception, this new standard should be employed.

Affirmed.