COUCH v SCHULTZ

Docket No. 131147. Submitted October 8, 1991, at Houghton. Decided
March 16, 1992, at 9:20 A.M. Leave to appeal sought.

George G. Couch and Ronald L. Jordan, state prison inmates,
brought an action in the Marquette Circuit Court against
Timothy Schultz, a corrections officer, alleging that Schultz
defamed them in filing a major misconduct report charging
them with sodomy. The plaintiffs were found guilty of the
charge in a subsequent disciplinary hearing. The court, Edward
A. Quinnell, J., granted summary disposition for the defendant,
ruling that he was entitled to an absolute privilege from
liability for defamation. The plaintiffs appealed.

The Court of Appeals *held:*

An absolute privilege from liability for defamation is ac-
corded to participants in a prison disciplinary hearing con-
ducted pursuant to MCL 791.251 *et seq.*; MSA 28.2320(51) *et
seq.* with respect to relevant, material, or pertinent statements
made therein. Such a hearing has many attributes of a judicial
proceeding in which participants are accorded an absolute
privilege from liability for defamation, and strong public policy
favors an extension of the privilege to participants in prison
disciplinary hearings.

Affirmed.

PRISONS AND PRISONERS — DISCIPLINARY HEARINGS — DEFAMATION —
PRIVILEGE.

A prison disciplinary hearing is a judicial proceeding, and its
participants are entitled to an absolute privilege from liability
for defamation for relevant, material, or pertinent statements
made therein (MCL 791.251 *et seq.*; MSA 28.2320[51] *et seq.*).

George G. Couch, in propria persona.

Ronald L. Jordan, in propria persona.

REFERENCES

Am Jur 2d, Libel and Slander §§ 232, 234, 237, 254, 260, 264; Penal
and Correctional Institutions §§ 128, 174, 175.

See the Index to Annotations under Discipline and Disciplinary
Actions; Libel and Slander; Prisons and Prisoners.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Jason Julian,* Assistant Attorney General, for the defendant.

Before: GILLIS, P.J., and GRIBBS and MICHAEL J. KELLY, JJ.

GRIBBS, J. In this defamation action, plaintiffs appeal as of right from an order of the circuit court granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8). We affirm.

Plaintiffs are inmates in the custody of the Department of Corrections. Defendant is a corrections officer. Defendant filed a prison major misconduct report against plaintiffs, charging them with sexual misconduct (sodomy). A prison disciplinary hearing was held, and plaintiffs were found guilty of the charge.

Before the disciplinary hearing, plaintiffs filed this action against defendant in circuit court, alleging that he had defamed them by filing the major misconduct report. Subsequently, defendant filed his motion for summary disposition under MCR 2.116(C)(8). The trial court, in granting defendant's motion, held that a prison disciplinary hearing is a "judicial proceeding" in which witnesses enjoy absolute immunity from liability for defamation, and, therefore, defendant's major misconduct report was an absolutely privileged communication for which liability could not attach.

The issue on appeal, whether a disciplinary hearing is a "judicial proceeding" in which witnesses are afforded an absolute privilege from liability for defamation, is an issue of first impression in Michigan. Because we believe a prison disciplinary hearing has many attributes of a judicial proceeding, and because we believe strong policy reasons support a finding of absolute privi-

lege under these circumstances, we hold that a prison disciplinary hearing is a "judicial proceeding" and statements made in relation to such hearings are absolutely privileged.

It is well settled in Michigan that statements made during the course of legislative proceedings, statements made during the course of judicial proceedings, and communications by military and naval officers are absolutely privileged. *Raymond v Croll,* 233 Mich 268, 272-273; 206 NW 556 (1925); *Timmis v Bennett,* 352 Mich 355, 362; 89 NW2d 748 (1958). "Judicial proceedings" may include any hearing before a tribunal or administrative board that performs a judicial function. See generally *Prosser & Keeton, Torts* (5th ed), Defamation, § 114 and footnotes cited there, pp 816-821. An absolutely privileged communication is one for which no remedy is provided for damages in a defamation action because of the occasion on which the communication is made. *Schlinkert v Henderson,* 331 Mich 284, 290; 49 NW2d 180 (1951). A privileged occasion is an occasion where the public good requires that a person be freed from liability for the publication of a statement that would otherwise be defamatory. *Id.* Public policy is the principle underlying the doctrine of absolute privilege. *Timmis, supra* at 362.

If absolute privilege applies, there can be no action for defamation. *Parks v Johnson,* 84 Mich App 162, 166; 269 NW2d 514 (1978); *Tocco v Piersante,* 69 Mich App 616, 628; 245 NW2d 356 (1976). The question whether a privilege attaches is a question of law for the trial court. *Lawrence v Fox,* 357 Mich 134; 97 NW2d 719 (1959); *Peterfish v Frantz,* 168 Mich App 43, 49; 424 NW2d 25 (1988); *Tocco, supra* at 628.

In this case, we are concerned with the absolute privilege for statements made during the course of

judicial proceedings. Statements made by witnesses during the course of such proceedings are absolutely privileged, provided they are relevant, material, or pertinent to the issue being tried. *Rouch v Enquirer & News,* 427 Mich 157, 164; 398 NW2d 245 (1986); *Sanders v Leeson Air Conditioning Corp,* 362 Mich 692, 695; 108 NW2d 761 (1961); *Meyer v Hubbell,* 117 Mich App 699, 709; 324 NW2d 139 (1982). The immunity extends to every step in the proceeding and covers anything that may be said in relation to the matter at issue, including pleadings and affidavits. See *Stewart v Walton,* 254 Ga 81; 326 SE2d 738 (1985) (complaint); *Gunter v Reeves,* 198 Miss 31; 21 So 2d 468 (1945) (search warrant); *Jenson v Olson,* 121 Minn 388; 141 NW2d 488 (1966) (testimony at civil service hearing). The judicial proceedings privilege should be liberally construed so that participants in judicial proceedings are free to express themselves without fear of retaliation. *Sanders, supra* at 695; *Meyer, supra* at 709.

Although Michigan courts have not addressed the issue now before us, the United States Sixth Circuit Court of Appeals addressed a related issue in *Shelly v Johnson,* 849 F2d 228 (CA 6, 1988). The *Shelly* court held that because Michigan "prison hearing officers are in fact professional hearing officers in the nature of administrative law judges," they are entitled to absolute judicial immunity. *Id.,* at 230. The decision in *Shelly* was based on several factors, including: (1) the statutory requirement that a prison hearing officer be a professional; (2) the roles and duties of a hearing officer are spelled out at length in the statute; (3) a prison hearing officer is subject to disqualification at the request of a prisoner upon a showing of bias or for other valid reasons; (4) a hearing officer's decision must be in writing and must include

findings of fact; and (5) a hearing officer's decision is subject to judicial review in the Michigan courts. *Id.*

Although the *Shelly* decision is not binding precedent in this Court, we find the reasoning employed to be helpful in resolving the issue in the present case: whether a disciplinary hearing is a "judicial proceeding" in which participants are afforded absolute privilege from liability for defamation. We base our decision in part on the fact that a prison disciplinary hearing has many attributes of a judicial proceeding, including: (1) the fact that a prisoner has the right to present evidence during a prison disciplinary hearing, MCL 791.252(d); MSA 28.2320(52)(d); (2) a prisoner is entitled to present oral and written arguments on the contested issues, MCL 791.252(d); MSA 28.2320(52)(d); (3) although not entitled to cross-examine a witness, a prisoner may submit written questions to the hearing officer to be asked of the witness, MCL 791.252(e); MSA 28.2320(52)(e); (4) a prisoner is entitled to notice of the disciplinary hearing, MCL 791.252(b); MSA 28.2320(52)(b); (5) a hearing officer is subject to disqualification at the request of an inmate upon a showing of bias or for other valid reasons, MCL 791.252(i); MSA 28.2320(52)(i); (6) a hearing officer's decision must be made in writing and must include findings of fact, MCL 791.252(k); MSA 28.2320(52)(k); and (7) a prisoner is entitled to judicial review of the hearing officer's decision, MCL 791.255; MSA 28.2320(55).

After reviewing the statutory scheme pertaining to prison disciplinary hearings, MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, we hold that a prison disciplinary hearing is a judicial proceeding and statements made in connection with such hearings are absolutely privileged.

We also note that strong policy reasons favor a finding of absolute privilege. Allowing prisoners to bring defamation actions against corrections officers for statements made in the course of carrying out their obligations would have a chilling effect upon the reporting of offenses within a prison and would result in the courts being inundated with prisoners' lawsuits. We believe that the public good will not be served by subjecting prison employees to potential liability for reporting violations of prison regulations that they must uphold.

We conclude that the trial court correctly determined that defendant's statements were absolutely privileged and that defendant was entitled to summary disposition.

Affirmed.