Chalmus Wright, an inmate incarcerated in W.E. Donaldson Correctional Facility, sued Captain Walter Myers and Officer Ronnie Martin (referred to collectively as the "correctional officers"), in their individual and official capacities, alleging that they had put false information in his institutional file, had libeled and slandered him, and had failed to protect him from an assault by another inmate. The Department of Corrections filed a motion to dismiss, supported by the correctional officers' affidavits and other materials. In response, Wright filed a Rule 56(f), Ala.R.Civ.P., motion for a continuance, in which he explained that he would need to conduct discovery in order to provide evidence in response to the Department's motion for summary judgment. The trial court entered an order dismissing Wright's claims. He appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, §12-2-7(6). We affirm in part, reverse in part, and remand.
Wright argues that the trial court erred by failing to grant his motion for a continuance. He also argues that the correctional officers are liable for defamation *Page 459 
and for acting with deliberate indifference to his safety by placing him in segregation with an inmate who ultimately assaulted him. In his complaint, Wright also alleged that his institutional file contains false information; because he does not address that claim in his brief to this court, the summary judgment, insofar as it relates to Wright's claim that false information is contained in his institutional file, is affirmed.See Pardue v. Potter, 632 So.2d 470 (Ala. 1994) (stating that issues not raised in a party's appellate brief are waived).
As a procedural matter, this court must first determine what standard it must use to review the trial court's judgment. The trial court apparently believed that it was ruling on a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss. However, instead, it entered a Rule 56 summary judgment. The State attached to its "answer" the affidavits of the correctional officers and copies of Wright's disciplinary report. "[W]here matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment as provided in Rule 12(c), [Ala.R.Civ.P.], regardless of its denomination and treatment by the trial court." Boles v. Blackstock,484 So.2d 1077, 1079 (Ala. 1986). Therefore, this court must review the trial court's judgment by using the appropriate standard under Rule 56, not under Rule 12(b)(6).
As Wright argues, his allegations that the correctional officers failed to protect him from assault by another inmate do state a cognizable claim for relief. See Brown v. Hughes,894 F.2d 1533 (11th Cir. 1990) (briefly discussing a correctional officer's duty to protect an inmate from a known danger). If Wright were able to support his allegations with the appropriate evidence, he could defeat the Department's motion for summary judgment. However, Wright argues that he is unable to present any evidence without first conducting discovery.
In response to the State's motion, Wright filed a Rule 56(f) motion for a continuance and an affidavit alleging that he was unable to respond to the summary-judgment motion because the State was in exclusive possession of all the evidence he needed to support his allegations. Although the pendency of discovery does not alone bar a summary judgment, see Reeves v. Porter,521 So.2d 963, 965 (Ala. 1988), and Hope v. Brannan, 557 So.2d 1208, 1212
(Ala. 1989), if the nonmoving party can demonstrate that the outstanding discovery is crucial to his case, then it is error for the trial court to enter a summary judgment before the discovery has been completed. Reeves, 521 So.2d at 965; Hope, 557 So.2d at 1212. To show that the discovery sought is crucial to his case, the nonmoving party should comply with Rule 56(f), which provides:
 "Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
Wright complied with Rule 56(f), stating by way of affidavit that he required certain items of evidence that he had requested but had not yet received from the State. He specifically enumerated several items of evidence he had requested in his motion for production of evidence. For example, Wright requested copies of the records of the inmate who he says attacked him while they were housed together in segregation. He explained in his affidavit that he needed this evidence to prove that the other inmate was known to be a dangerous inmate and that they should not have been housed together in segregation. Therefore, insofar as it relates to Wright's claim alleging deliberate indifference to his safety, the summary *Page 460 
judgment is reversed because the trial court erred by failing to grant Wright a continuance to gather the information he sought.See Noble v. McManus, 504 So.2d 248 (Ala. 1987) (reversing a summary judgment because the plaintiff had not yet received answers to certain interrogatories that were crucial to his case).
Wright also claims that the correctional officers defamed him by reporting and testifying that he had possessed prison contraband. He argues that such statements are defamatory per se and that, therefore, he need not prove actual harm to his reputation. Although Wright is correct in stating the general rule that a slander plaintiff need not prove actual harm to reputation in cases involving "an imputation of an indictable offense involving infamy or moral turpitude," Marion v. Davis,217 Ala. 16, 18, 114 So. 357, 359 (1927), ultimately his argument that the correctional officers can be liable for defamation fails.
The tort of defamation involves the protection of the "reputation and good name" of the plaintiff. Michael L. Roberts Gregory S. Cusimano,Alabama Tort Law, § 24.0, 831 (1996).
 "`The elements of a cause of action for defamation are: 1) a false and defamatory statement concerning the plaintiff; 2) an unprivileged communication of that statement to a third party; 3) fault amounting at least to negligence; and 4) either actionability of the statement irrespective of special harm [(per se)] or the existence of special harm caused by the publication of the statement [(per quod)].'"
Drill Parts Service Co. v. Joy Mfg. Co., 619 So.2d 1280, 1289
(Ala. 1993) (quoting McCaig v. Talladega Publ'g Co.,544 So.2d 875, 877 (Ala. 1989)) (emphasis added). "[W]hether the communication was privileged or not by reason of its character, or the occasion on which it was made, is a question of law to be decided by the court." Walker v. Majors, 496 So.2d 726, 730
(Ala. 1986). Although no Alabama case has addressed the question whether statements made by correctional officers in prison misconduct reports are privileged communications, the Court of Appeals of Michigan has determined that such statements are indeed privileged and will not support a defamation action. Couch v.Schultz, 193 Mich. App. 292, 483 N.W.2d 684 (1992). The Michigan court reasoned that prison disciplinary proceedings are "judicial proceedings" and that witnesses in prison disciplinary proceedings also enjoy absolute immunity from liability for defamation.Couch, 193 Mich. App. at 294-95, 483 N.W.2d at 685.
The Couch court compared a prison disciplinary proceeding to a judicial proceeding, noting that a prisoner has, among other rights, the rights to have notice of the hearing, to be present, to present evidence, and to have a written decision with findings of fact on which the decision is based. Couch,193 Mich. App. at 296, 483 N.W.2d at 686. In Alabama, a prisoner has similar rights in a prison disciplinary proceeding. See Brown v.State, 592 So.2d 621, 623 (Ala. 1991) (restating the minimal requirements of due process in prison disciplinary proceedings, as outlined by the United States Supreme Court in Wolff v. McDonnell,418 U.S. 539 (1974)). In addition, the Michigan court noted that public-policy reasons supported making the correctional officers' statements privileged. Couch, 193 Mich. App. at 297,483 N.W.2d at 686-87. Specifically, the Michigan court mentioned that allowing defamation actions against correctional officers could have a chilling effect on reporting offenses within prison and would inundate the courts with lawsuits by prisoners. Id.
We agree with the reasoning of the Michigan court and hold, as that court did, that statements made by correctional officers during, or in the course of instituting, a prison disciplinary proceeding are absolutely privileged. Because the correctional officers' statements are privileged, *Page 461 
Wright cannot maintain a defamation action against them. Therefore, insofar as it related to Wright's claims of defamation, the summary judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in part and dissents in part.