# STATE OF MICHIGAN

# COURT OF APPEALS

---

CHASE STRICKLAND,

Plaintiff-Appellant,

v

STATE OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
April 27, 2017

No. 332446
Court of Claims
LC No. 15-000242-MM

---

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Plaintiff, Chase Strickland, appeals by right a February 26, 2016 final order of the Court of Claims granting summary disposition to defendant, State of Michigan. We affirm.

## I. PERTINENT FACTS

This case arises in the context of plaintiff's attempts to obtain unsupervised parenting time with his minor child. Plaintiff's parenting time has been supervised since 2011. He filed a motion for unsupervised parenting time in the Kent County Circuit Court on April 7, 2015. Judge Paul Denenfeld heard the motion on or around April 25, 2015, and subsequently denied it. Plaintiff filed an unsuccessful delayed application for leave to appeal the court's order in this Court. *Billie Jo DeBoer v Charles Strickland*, unpublished order of the Court of Appeals, entered September 30, 2015 (Docket No. 327867). He then filed an application for leave to appeal our decision in the Michigan Supreme Court. See *DeBoer v Strickland*, 498 Mich 952; 872 NW2d 482 (2015) (denying plaintiff's application). With his application still pending in the Supreme Court, plaintiff filed another motion for unsupervised parenting time in the circuit court, which Judge Denenfeld heard and subsequently denied in an order issued October 6, 2015.

Plaintiff initiated the instant case on October 22, 2015, by filing a complaint in the Court of Claims,[1] the gist of which plaintiff summarized as follows:

---

[1] On March 10, 2017, plaintiff filed an unsuccessful motion with this Court to allow him to amend his complaint in the Court of Claims. *Chase Strickland v State of Michigan*, unpublished order of the Court of Appeals, entered March 21, 2017 (Docket No. 332446).

-1-

Circuit Court Judge Denenfeld has displayed a severe abuse of discretion, failed to comply with due process of law as it pertains to a fitness hearing requirement and the clear and convincing threshold that would allow such extreme and prolonged government intrusion; and has both slandered and defamed the Plaintiff's character, based on the judges [sic] personal perception of the Plaintiff's personality and character, which is 100% subjective, and discriminatory, and a direct infringement of Art I, § 2 of the Michigan Constitution of 1963.

After providing examples of Judge Denenfeld's alleged slander and defamation of him, plaintiff stated his theories of liability against the state as follows:

The Plaintiff is sueing [sic] the State of Michigan for personal injury due to Judge Denenfeld's abuse of discresion [sic] and bias judgements [sic], that led to severe Constitutional infringements that resulted in deprivation of Parental Rights, and irreparable harm to the relationship of father and child due to the excessive amount of time during the Plaintiffs daughter's childhood.

The Plaintiff is also sueing [sic] the State of Michigan for punitive damages due to Judge Denenfeld's misconduct, slander and defamation of character, both on the record on 4/25/15 and in his written opinion on 10/6/15 ….

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) (immunity granted by law) on the ground that plaintiff's complaint did not plead a claim within one of the statutorily enumerated exceptions to the state's sovereign immunity. In a thoughtful and well-written opinion, the Court of Claims provided three grounds for granting defendant's motion for summary disposition. First, perceiving plaintiff's complaint as a collateral attack on the circuit court's parenting-time orders, the court explained that the proper procedure for challenging the order was to file a motion for rehearing of the order in the circuit court, MCR 2.119(F), or pursue appellate remedies in this Court. Accordingly, the court concluded that it was "without jurisdiction to reverse the findings of the Kent County Circuit Court." MCR 2.116(C)(7). Next, the court dismissed plaintiff's complaint pursuant to MCR 2.116(C)(8), reasoning that, to the extent that plaintiff had attempted to plead a constitutional tort, summary disposition was appropriate because plaintiff had failed to allege a state custom or policy that mandated action in violation of the state constitution, an element necessary to establish a constitutional tort. Finally, the court found that, to the extent that plaintiff had alleged or implied that the state is directly or vicariously liable for Judge Denenfeld's allegedly defamatory statements, such claims were barred by governmental immunity, MCR 2.116(C)(7). Subsequent to entry of the court's order dismissing his complaint, plaintiff filed this timely appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The Court reviews de novo a trial court's ruling on a motion for summary disposition. *Kendricks v Rehfield*, 270 Mich App 679, 681; 716 NW2d 623 (2006). "A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone."

*Averill v Dauterman*, 284 Mich App 18, 21; 772 NW2d 797 (2009) (quotation marks and citation omitted). We review a trial court's decision to dismiss a complaint under MCR 2.116(C)(8) "to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery." *Id*. (quotation marks and citation omitted). We accept as true all factual allegations supporting the claim, and any reasonable inference or conclusions drawn from those facts. *Id*. Likewise, the applicability of governmental immunity is a question of law that we review de novo. *Co Rd Ass'n of Mich v Governor*, 287 Mich App 95, 118; 782 NW2d 784 (2010). When reviewing a grant of summary disposition based on a finding that governmental immunity bars the claim, MCR 2.116(C)(7), we consider all documentary evidence submitted by the parties, accepting all well-pleaded allegations as true and construing them most favorably to the non-moving party. *Summers v City of Detroit*, 206 Mich App 46, 48; 520 NW2d 356 (1994). "To survive a motion for summary disposition, the plaintiff must allege facts that justify the application of an exception to governmental immunity." *Id*.

## B. CONSTITUTIONAL TORT

Plaintiff first contends that he properly pled the elements necessary to sustain a constitutional tort claim against the state and, therefore, that the Court of Claims erred in dismissing his claim pursuant to MCR 2.116(C)(8). We disagree.

Governmental immunity is not available in a state court action alleging that a state governmental agency, by custom or policy, violated a right conferred by the Michigan Constitution. *Smith v Dep't of Public Health*, 428 Mich 540, 544, 641; 410 NW2d 749 (1987) (BOYLE, J), aff'd sub nom *Will v Mich Dep't of State Police*, 491 US 58; 109 S Ct 2304; 105 L Ed 2d 45 (1989). The constitutional violation must arise from a custom or policy of the agency rather than from an unauthorized act of an employee. See *Smith*, 428 Mich at 642-643; *Reid v State of Michigan*, 239 Mich App 621, 629; 609 NW2d 215 (2000) ("The state will be liable for a violation of the state constitution only in cases where a state custom or policy mandated the official's or employee's actions.).

Plaintiff misconstrues the requirement that a constitutional tort claim against the state arise from a custom or policy of the state that mandates conduct in violation of the state's constitution. See *Smith*, 428 Mich at 642-643; *Reid*, 239 Mich App at 629. The "policy" and "custom" to which plaintiff refers are, respectively, the parenting-time guidelines recommended by the State Court Administrative Office (SCAO), and United States Supreme Court decisions that, according to plaintiff, establish that "parents who have already established a bond with their child have a right to privacy (without constant government intrusion) within their family life." Thus, the gravamen of plaintiff's constitutional tort argument is not that a state policy or custom required Judge Denenfeld to act in violation of the state's constitution, but that Judge Denenfeld's decisions violated the state's constitution because they were inconsistent with policy and custom. Such allegations cannot sustain a constitutional tort claim. See *Smith*, 428 Mich at 642-643; *Reid*, 239 Mich App at 629. Accordingly, we affirm dismissal of plaintiff's constitutional tort claim pursuant to MCR 2.116(C)(8).

C.  IMMUNITY

Plaintiff next contends that the Court of Claims erroneously dismissed his claim because Judge Denenfeld's conduct exposed the state to liability pursuant to MCL 691.1407(2).  We disagree.

MCL 691.1407(2) provides:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Plaintiff's claim that Judge Denenfeld's allegedly slanderous and defamatory statements exposed the state to liability pursuant to MCL 691.1407(2) fails because he overlooks the exception supplied by MCL 691.1407(5).  It is well settled in Michigan that statements made during the course of judicial proceedings are absolutely privileged. *Couch v Schultz,* 193 Mich App 292, 294; 483 NW2d 684 (1992).  Further, if absolute privilege applies, there can be no action for defamation. *Id*.

In the present case, plaintiff acknowledges that the comments of Judge Denenfeld that serve as the basis for plaintiff's complaint occurred in the context of a judicial hearing on plaintiff's parenting-time motions, but argues that, because they were "lies" they were not within the scope of his authority.  Underlying plaintiff's argument is the assumption that absolute judicial immunity is not absolute.  Plaintiff cites no authority for his position, and we decline to "search for authority to sustain or reject [his] position." *Hover v Chrysler Corp*, 209 Mich App 314, 319; 530 NW2d 96 (1994) ("A party may not leave it to this Court to search for authority to sustain or reject its position.").  We note, however, that absolute judicial immunity that is not absolute would not serve the doctrine's purpose of insulating "judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v White*, 484 US 219, 225; 108 S Ct 538; 98 L Ed

2d 555 (1988).[2] Nor would it serve the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v Ray*, 386 US 547, 554; 87 S Ct 1213; 18 L Ed 2d 288 (1967). Accordingly, to the extent that plaintiff bases his claim against the state on judicial comments that cannot give rise to liability, plaintiff's claim against the state must fail. Further, even if the judge's comments made during the course of the April hearing were not cloaked by absolute judicial immunity, the state would nevertheless be immune from claims based on those comments. To the extent that slander and defamation are intentional torts, "[t]here is no 'intentional tort' exception to governmental immunity." *Smith*, 428 Mich at 544. Thus, because plaintiff has not pled in avoidance of governmental immunity, his claim against the state must fail. *Genesee Co Drain Comm'r*, 309 Mich App 317, 328; 869 NW2d 635 (2015) ("[I]f a governmental agency commits an intentional tort during the exercise or discharge of a governmental function, the governmental agency is immune from tort liability.").

### D. JURY TRIAL AND DUE PROCESS

Plaintiff also contends that he is entitled to a jury trial on his complaint, and that the trial court violated his right to due process by failing to provide him notice "of the sessions of the Court of Claims that resulted in the orders now appealed from." These claims are without merit.

Plaintiff does not have an absolute right to a jury trial in a civil action under Michigan's Constitution because such right is permissive and not absolute. *Davis v Chatman*, 292 Mich App 603, 616; 808 NW2d 555 (2011), citing Const 1963, art 1, § 14. In addition, there is no fundamental right to a jury trial in the Court of Claims. See *Freissler v State Hwy Comm*, 53 Mich App 530, 535-536; 220 NW2d 141 (1974).[3] Further, as the preceding analysis of plaintiff's claims has shown, his demand for a jury trial proved irrelevant, as he lacked a factually disputed and legally sufficient claim to present to a jury.

Plaintiff also contends that the failure of the Court of Claims to hold a hearing on defendant's summary disposition motion violated his right to due process by denying him the opportunity to be heard. It did not. The fundamental requirements of procedural due process

---

[2] This is not to say that plaintiff is without remedy. If the judge based his ruling on factual inaccuracies, plaintiff's remedy, as the Court of Claims pointed out, is to file a motion for reconsideration in the circuit court, MCR 2.119(F), or to pursue appellate remedies in this Court. *Fieger v Cox*, 274 Mich App 449, 459; 734 NW2d 602 (2007) ("[I]f a litigant wishes to challenge a ruling by a court, the appropriate remedy is to seek a rehearing of the decision or file an appeal."); MCR 7.204 (filing an appeal by right); MCR 7.205 (application for leave to appeal). If plaintiff believes the judge is not treating him "fairly, with courtesy and respect," Code of Judicial Conduct, Canon 3, plaintiff can file a request for investigation with the Judicial Tenure Commission, see MCR 9.207.

[3] Although this panel is not bound by decisions issued prior to November 1, 1990, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority. See *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 641; 765 NW2d 31 (2009).

are notice and an opportunity to be heard by an impartial decision maker. *Cummings v Wayne Co.*, 210 Mich App 249, 253; 533 NW2d 13 (1995). In the present case, the Court of Claims record demonstrates that plaintiff had the opportunity to be heard through his written pleading, his brief in opposition to defendant's motion for summary disposition, and a further brief in reply to defendant's reply brief.

In addition, "MCR 2.119(E)(3) specifically authorizes a court, in its discretion, to dispense with or limit oral argument with regard to motions." *Fast Air, Inc*, 235 Mich App 541, 550; 599 NW2d 489 (1999). This Court reviews such decisions for an abuse of discretion. See *id*. There is no abuse of discretion where a court's decision falls within the range of principled outcomes. *Macomb Co Dep't of Human Services v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014). In this case, nothing in the record indicates, and plaintiff has not argued, that the Court of Claims was not fully informed of the parties' respective legal positions prior to granting defendant's motion for summary disposition. In addition, as analysis of the issues raised on appeal has shown, the legal infirmities of plaintiff's complaint are such that no hearing could have resuscitated it. Accordingly, the court did not abuse its discretion by rendering its decision without holding a hearing. See *Fast Air, Inc*, 235 Mich App at 550.

Finally, plaintiff evokes the federal Supremacy Clause, US Const, art VI, § 2, as somehow operating to his advantage. The Supremacy Clause gives the United States Congress the authority to preempt state laws, and renders state appellate courts bound by federal statutes. *Packowski v United Food & Commercial Workers Local 951*, 289 Mich App 132, 139; 796 NW2d 94 (2010). Plaintiff does not explain how either operation works to his advantage in this case. "A party abandons a claim when it fails to make a meaningful argument in support of its position." *Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008).

## III. CONCLUSION

Because plaintiff failed to state a constitutional tort claim upon which relief could be granted and to plead in avoidance of governmental immunity, we conclude that the Court of Claims properly granted defendant's motion for summary disposition of plaintiff's complaint, and that plaintiff has suffered no violation to his rights of due process.

Affirmed

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro